■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORGAN, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered April 12, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, burglary in the first degree and criminal possession of a weapon in the fourth degree.

Defendant was found guilty of rape in the first degree, sodomy in the first degree, burglary in the first degree and criminal possession of a weapon in the fourth degree after a jury trial for an incident which occurred on December 8, 1981 in the Town of Fallsburg, Sullivan County. On this appeal, defendant raises several grounds for reversal. Among these contentions is that defendant was deprived of a fair trial by certain remarks made by the prosecutor during summation.

In his closing, the prosecutor argued: "The mannerism with which the defendant responded to Detective Robinson's questions is probably most revealing. They were discussing where [defendant] was [at the time of the crime] and what [defendant] was doing, and [defendant] was talking to [the police] in the manner that I'm talking to you, very quietly and very softly, and they were discussing a rape and a sodomy and a burglary, and

the defendant is talking, 'Well, I probably was. I could have — well, I might have been in Mountaindale.' All that way in that manner. You would have to chain me to the chair if I was * * * being accused. If someone is going to talk to me about being a suspect in a rape and I wasn't in Mountaindale and I was this and that, you would have to hold me down. I would have been pounding the tables, swinging from the ceiling. I would have been doing everything to tell you it wasn't me. But [defendant] spoke in a mannerism, in a mannerism that says — 'Well, were you in Mountaindale?' [Defendant] said, 'I probably was. I probably was.'"

These and similar comments were made by the prosecution in relation to a tape recording which was admitted into evidence. This tape recording was made during defendant's interview with the police after defendant had been asked to discuss his whereabouts at the time of the Fallsburg incident, had been advised of his *Miranda* rights, and had, in fact, agreed to discuss the matter with the police. Thus, the discussions recorded on the tape were subject to fair comment by the prosecutor.

We believe, however, that the prosecutor's comments were not fair and were prejudicial to defendant. We recognize that a prosecutor cannot impeach a defendant by mentioning the defendant's pretrial silence because of the possibility that the jury would use the defendant's silence as evidence of guilt (*People v Conyers*, 52 NY2d 454). Furthermore, a prosecutor cannot present himself as an unsworn witness to a defendant's truthfulness (*People v Bailey*, 58 NY2d 272, 277). By describing how he, the prosecutor, would have responded to accusations and contrasting such with how defendant responded to accusations, the prosecutor improperly made himself an unsworn character witness. Defendant was under no obligation to proclaim his innocence in any particular manner and the prosecutor's comments might have distracted the jury's attention and deliberations from the facts presented at trial. On this record, we believe that the prosecutor overstepped the bounds of propriety during his summation and that a new trial is required. This determination renders it unnecessary to review the other grounds raised by defendant.

Judgment reversed, on the law, and matter remitted to the County Court of Sullivan County for a new trial. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ.