(January 30, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORGAN, Appellant.—Main, J. P., Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered April 12, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, burglary in the first degree and criminal possession of a weapon in the fourth degree.

After a jury trial, defendant was convicted of rape in the first degree, sodomy in the first degree, burglary in the first degree and criminal possession of a weapon in the fourth degree. He appealed to this court and, in our prior decision (105 AD2d 554), we held that certain remarks made by the prosecutor during summation were improper and mandated a new trial for defendant. The Court of Appeals reversed this court's decision (66 NY2d 255), concluding that the prosecutor's comments constituted harmless error and did not deprive defendant of a fair trial. Accordingly, the Court of Appeals remitted the matter to this court so that we might now examine those arguments advanced by defendant that we did not previously consider.

We first examine defendant's contention that the People did not prove defendant's guilt beyond a reasonable doubt. We must, of course, view the evidence adduced at trial in the light most favorable to the People (see, People v Kennedy, 47 NY2d 196, 203). In so doing, we find ample basis in the record to support the jury's verdict. The People clearly demonstrated at trial that defendant and another, Kevin Postell, were in the vicinity of and did in fact enter the victim's apartment during the time in question. Additionally, a police investigation revealed that Postell had been seen in possession of a purple pouch containing coins that had been taken from the victim's apartment. All of this, coupled with certain incriminating statements made by defendant and the testimony of the victim, provide overwhelming evidence of defendant's guilt.

Defendant next argues that he was deprived of his right to a fair trial by the prosecution's examination of one of its witnesses and by a prejudicial comment allegedly made by a court attendant. In this regard, we note only that County Court took immediate curative action which, in our view, fully protected defendant's rights (see, People v Burgh, 89 AD2d 672; People v Patterson, 83 AD2d 691, 692).

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.