■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN FERMIN, Appellant.—Judgment of the Supreme Court, Bronx County (Irene J. Duffy, J.), rendered on April 27, 1989, convicting defendant, after a jury trial by jury, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

Defendant was arrested during a buy-and-bust operation during which an undercover police officer purchased two vials of crack cocaine from defendant and another man.

Defendant challenges the testimony elicited during redirect examination of the police sergeant supervising the operation regarding the general use of recording apparatus during a buy-and-bust and portions of the prosecutor's summation. These contentions were not preserved as a matter of law, and

we decline to review them. In any event, we note that the redirect examination was a clarification of testimony initiated by the defense on the use of wires *(cf., People v Melendez,* 55 NY2d 445). Further, the prosecutor's statements in summation were directly responsive to that of the defense *(see, People v Morgan,* 66 NY2d 255, *on remand* 116 AD2d 919, *cert denied* 476 US 1120), did not "shift" the burden of proof *(People v Rodriguez,* 159 AD2d 356, 357, *lv denied* 76 NY2d 795), and if improper, would be considered harmless in light of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230, 237). Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.