■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ESTEVEZ, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered April 5, 1990, by which defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentenced to concurrent prison terms of 18 years to life, 8⅓ to 25 years and 7 to 21 years, respectively, unanimously affirmed.

The defendant was arrested after an undercover narcotics officer went to Apartment Number 10 at 525 West 160th Street in Manhattan and bought approximately one gram of cocaine in order for a search warrant to be obtained for that location. The police investigation of the premises was precipitated by numerous complaints of drug dealing at the location. The officer observed a systematic selling operation and testified that she was one of several individuals purchasing drugs at the same time. While the members of the backup team who entered the apartment shortly after the sale did not find anyone present, a substantial amount of cocaine along with weapons and ammunition was recovered. The defendant was

arrested approximately two weeks later as he exited an adjacent apartment (Apartment 9) on the same floor of the building.

Neither, the trial court's direction to a court clerk that an individual juror, who had inadvertently seen the defendant in handcuffs, not speak to other jurors about what she saw, nor the court's communication to the deliberating jury, through a court officer, concerning the cessation of their deliberations for that day and their dinner, were improper. Both the instruction to the individual juror and the direction to the jury as a whole to stop deliberating were nonlegal, logistical instructions, which were properly conveyed to the jurors by nonjudicial personnel at the direction of the court *(People v Bonaparte,* 78 NY2d 26). Furthermore, there was no objection to either action by defense counsel.

The prosecutor on summation did not improperly shift the burden of proof by pointing out that the defendant did not call witnesses to support his alibi testimony. It is well settled that the prosecutor is allowed appropriate latitude in making closing remarks *(People v Galloway,* 54 NY2d 396), and if his remarks have a good faith basis, and can be considered a proper response to the defense summation, they are not a basis for reversal *(People v Morgan,* 66 NY2d 255, *on remand* 116 AD2d 919, *cert denied* 476 US 1120; *People v Richards,* 78 AD2d 664). The prosecutor's summation consisted of proper response to the defense summation and was concerned also with the lack of substantiation for defendant's alibi. Thus, it was not improper *(People v Wilson,* 64 NY2d 634 [defendant's failure to call an available witness to support his alibi could be brought to the jury's attention, where it appeared that the witness would be favorable to the defendant and hostile to the prosecution]).

Moreover, where the prosecutor's argument may have conveyed that the defendant bore an affirmative burden of proof, it was objected to by the defense counsel and the court repeated proper curative instructions with each objection. The court, during its charge instructed the jury that the defendant bore no burden of proof whatsoever and that his taking the witness stand did not in any way shift the burden of proof. While the defendant argues on appeal that the court should have instructed the jury concerning the alibi defense, no request for such an instruction was made below. Thus, the court was not required to give instructions on the issue. *(See, People v Butts,* 72 NY2d 746, 750.) Moreover, no objection was made after the court's charge which did not include the

instructions on defendant's alibi. Indeed, under the circumstances where there was a conspicuous absence of independent proof of defendant's alibi, instruction on the defense by the court *sua sponte,* could have damaged more than helped the defense case. *(See, People v Maldonado,* 175 AD2d 698.)

The testimony shows that the defendant was an experienced large scale drug dealer, who threatened to shoot the officer if she did not prove she was not a police officer by using some of the drug. In view of that testimony the sentence was not an abuse of discretion. Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.