■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TORRES, Appellant.—Judgment of the Supreme Court, New York County (Richard Carruthers, J.), rendered July 18, 1990, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 7 to 14 years, unanimously affirmed.

Defendant was not denied a fair trial by the remarks that the prosecutor made in summation. The prosecutor's remarks were a fair response to the defense summation. In defense of the charge that defendant sold two vials of crack to an undercover officer, defense counsel urged that the officer's testimony was not credible. The prosecutor was entitled to respond vigorously to counsel's argument that the case against defendant had been "made up" to enhance the undercover officer's career. *(People v Morgan,* 66 NY2d 255, *on remand* 116 AD2d 919, *cert denied* 476 US 1120.) Further, the prosecutor did not distort the issues or improperly comment on defendant's decision not to testify. *(People v Burke,* 72 NY2d 833, *rearg denied* 72 NY2d 953.)

The court properly discharged the juror who persisted in questioning a police witness about the sentence that defendant faced on the charges. The juror had engaged in "misconduct of a substantial nature". (CPL 270.35; *People v Fox,* 172 AD2d 218.)

We perceive no abuse of discretion by the trial court in the imposition of sentence and in the circumstances do not find that sentence to be excessive. Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.