■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURADEEN MARTIN, Also Known as MARTIN MURADEEN, Appellant. [671 NYS2d 73] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered July 6, 1995, convicting defendant, after a jury trial, of assault in the second degree, criminal possession of a weapon in the fourth degree and menacing in the second degree, and sentencing him to a prison term of 6 months concurrent with 5 months probation, to be served concurrently with two concurrent prison terms of 1 year, unanimously affirmed.

Defendant's suppression motion was properly denied. A fair reading of the record of the hearing, viewed as a whole, and the reasonable inferences that may be drawn therefrom, establish that probable cause existed to support defendant's arrest based on eyewitness observation of a pistol-whipping assault in the subway (*see, People v Wearing*, 246 AD2d 404).

The court properly exercised its discretion in ruling that the People, in the event that any defense witness denied that defendant had possessed a gun during the assault incident, would be permitted to cross-examine and to offer rebuttal evidence regarding the recovery of a similar-looking gun possessed by defendant one month after the incident. This evidence could have been introduced on the People's direct case in any event (*People v Barnes*, 176 AD2d 640, 641, *lv denied* 79 NY2d 943).

The court properly declined to grant a mistrial based on the People's belated disclosure of *Rosario* material, since there was no showing of bad faith and the defense was not prejudiced. The *Rosario* violation resulted, at most, in some cross-examination of the complainant that was superfluous but not

detrimental to the defense, and this did not warrant a drastic sanction of a mistrial.

While it was error for the court not to have issued a missing witness charge, such error was harmless because "there was no significant probability that a jury, properly instructed, would have acquitted the defendant" (*People v Robertson*, 205 AD2d 243, 247, *lv denied* 85 NY2d 913).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Wallach, Rubin and Mazzarelli, JJ.