(December 3, 2002)

1  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MCANDRIS, Appellant. [751 NYS2d 10] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 17, 1998, convicting defendant, after a jury trial, of enterprise corruption, scheme to defraud in the first degree, offering a false instrument for filing in the first degree (two counts), falsifying business records in the first degree (11 counts), perjury in the second degree (two counts) and violation of General Business Law § 352-c (5) (eight counts), and sentencing him to an aggregate term of 5 to 15 years, unanimously modified, on the law, to the extent of vacating the perjury convictions and dismissing those counts of the indictment, and otherwise affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The evidence was legally insufficient to support defendant's perjury convictions since it established that although he signed affidavits before notaries, neither notary actually administered any oath whatsoever, notwithstanding the presence of their jurats on the affidavits (*see O'Reilly v People*, 86 NY 154; *see also Bookman v City of New York*, 200 NY 53; *People v Grier*, 42 AD2d 803). Accordingly, those counts are dismissed.

However, with respect to the remaining crimes of which defendant was convicted, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. The accomplice testimony was properly corroborated by independent evidence tending to connect defendant to the offense of enterprise corruption and the other charges (*see People v Besser*, 96 NY2d 136). Such corroboration was supplied by the introduction of the affidavits defendant filed in Supreme Court, which misrepresented the actual financial status of the broker-

■

age firm for which he was the chief financial officer, and the testimony of 17 defrauded customers, four of whom sent defendant letters complaining of the firm's practices, and one of whom loaned the firm money after being misled by assurances made by defendant. Corroborative proof is not rendered incompetent merely because an innocent interpretation is possible because the corroboration "need not, as must circumstantial evidence, lead exclusively to the inference of the defendant's guilt" (*People v Morhouse*, 21 NY2d 66, 74). Additional corroboration was supplied by a support staff member of the firm and by expert testimony concerning the responsibilities of a person in defendant's position. We have considered and rejected defendant's remaining arguments concerning the sufficiency and weight of the evidence.

Defendant has failed to demonstrate that there was a reasonable possibility that the late disclosure of *Rosario* material regarding either or both of two prosecution witnesses contributed to the result of the trial (CPL 240.75). The court properly exercised its discretion in denying defendant's mistrial motion, since defendant was not prejudiced by the belated disclosures, made while each witness was available for further cross-examination (*see People v Martinez*, 71 NY2d 937). As to one witness, the court's striking of that witness's entire testimony was a more than adequate remedy. With respect to the other witness, no remedy was necessary since the violation resulted, at most, in some superfluous cross-examination on a minor issue.

The court properly denied, as untimely (*see People v Ramirez*, 221 AD2d 178, *lv denied* 87 NY2d 1023), defendant's request for a missing witness charge with respect to the president of defendant's firm, who was also a participant in the criminal activity at issue. The request was also properly denied on the merits (*see People v Gonzalez*, 68 NY2d 424). Although the People called other accomplices as witnesses, there was a reasonable explanation for their decision not to call this particular accomplice (*see People v Rodriguez*, 38 NY2d 95, 101), who, in any event, was unavailable to both sides for purposes of a missing witness charge since he asserted his Fifth Amendment privilege when defendant attempted to call him as a witness (*see People v Webster*, 248 AD2d 738, *lv denied* 92 NY2d 908).

We perceive no basis for a reduction of sentence. Concur— Williams, P.J., Nardelli, Saxe, Rosenberger and Marlow, JJ.