THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MEMMINGER, Appellant. [768 NYS2d 6]—

Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered March 1, 2001, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Although the court should have employed the standard charge (*see* CJI2d[NY] Presumption of Innocence, Burden of Proof, Reasonable Doubt), the court's charge, read as a whole, did not shift or misstate the burden of proof or expressly impose an affirmative obligation upon jurors to articulate a basis for harboring a reasonable doubt (*see People v Antommarchi*, 80 NY2d 247, 251-252 [1992]), and we find no basis for reversal. Defendant's challenges to the court's charges on justification and intent are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that these charges were sufficiently balanced and did not unfairly marshal the evidence.

The record fails to support defendant's claim that the court improperly delegated judicial authority to a court officer. Even where an error need not be preserved by objection, a defendant alleging such an error "must nevertheless present an adequate record for appellate review" (*People v Velasquez*, 1 NY3d 44, 48 [2003], citing *People v Kinchen*, 60 NY2d 772 [1983]). The exist-

ing record, even if viewed most favorably to defendant, indicates that the communication between a court officer and a juror occurred in the presence of the court, the attorneys and defendant, and constituted an inquiry that was ministerial in any event (*see People v Bonaparte*, 78 NY2d 26 [1991]; *People v Estevez*, 176 AD2d 194, 195 [1991], *lv denied* 79 NY2d 856 [1992]).

The court properly exercised its discretion in denying defendant's mistrial motion, and in allowing the People to introduce photographs that they had inadvertently failed to disclose during pretrial discovery proceedings (*see People v Jenkins*, 98 NY2d 280 [2002]). The untimely disclosure resulted, at most, in some cross-examination of a People's witness that was "superfluous but not detrimental to the defense" (*People v Martin*, 249 AD2d 75, 75-76 [1998], *lv denied* 92 NY2d 927 [1998]; *see also People v McAndris*, 300 AD2d 1, 2 [2002], *lv denied* 99 NY2d 630 [2003]), and the court's thorough jury instruction was sufficient to prevent any prejudice. Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.