People v Narducci (2019 NY Slip Op 08378)





People v Narducci


2019 NY Slip Op 08378


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10387 201/14

[*1] The People of the State of New York, Respondent,
v
Leonard Narducci, Defendant-Appellant.


Aidala, Bertuna & Kamins P.C., New York (Diana Fabi Samson of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 14, 2018, convicting defendant, after a jury trial, of grand larceny in the second degree, and sentencing him to a term of 1 to 3 years, and $490,000 in restitution, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
The People met their burden of establishing by a preponderance of the evidence that venue was proper in New York County, based on the location of conduct establishing one or more elements of the crime of larceny by false pretenses (see CPL 20.40[1][a]). Defendant's arguments on this issue are generally similar to arguments this Court rejected on a codefendant's appeal (People v Hurley, 161 AD3d 687, 688 [1st Dept 2018], lv denied 32 NY3d 938 [2018]). A government agency located in Manhattan received defendant's application for benefits containing false statements, and those statements were accordingly deemed to have been made in Manhattan (see CPL 20.60[1]). Although the evidence that defendant's application was received in Manhattan was circumstantial, the People presented "evidence in the record upon which the jury could have found jurisdiction" (People v Cullen, 50 NY2d 168, 173 [1980]). Accordingly, the element of making a false representation is deemed to have occurred in Manhattan, and the People were not required to prove that any other element occurred there. In any event, the evidence also supported the inference that the element of reliance occurred in Manhattan, as in Hurley.
Defendant did not preserve his challenges to the court's main and supplemental jury charges on the subject of venue, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). On the contrary, we find that the evidence overwhelmingly established larceny by false pretenses, in that defendant submitted numerous false statements to the government about his mental and physical condition that were contrary to the evidence of his actual behavior over the course of years. Defendant's fraudulent intent could be readily inferred from his conduct. Although he argues that his condition could have improved after he made various statements in 1998, he was obligated to update the government promptly of significant changes, and his failure to do so evinced his fraudulent intent from the outset. Moreover, he submitted a 2013 follow-up form to the effect that his condition had not improved since 1998. In any event, defendant's own deposition testimony in lawsuits contradicted his representations about his activities around the time of his 1998 application. Furthermore, the evidence established that defendant was not entitled to the benefit at issue, based on either his mental or physical condition.
The court providently exercised its discretion in denying defense counsel's request for a missing witness charge as to a codefendant whose attorney appeared in court and stated that his client intended to invoke his Fifth Amendment right against self-incrimination if called to testify at trial. This rendered the witness unavailable for purposes of a missing witness inference (see [*2]People v McAndris, 300 AD2d 1, 2 [1st Dept 2002], lv denied 99 NY2d 630 [2003]). Although this codefendant had entered into a cooperation agreement with the People in which he had agreed to waive his privilege against self-incrimination, he could not be compelled to testify if he reneged on the agreement by invoking the privilege. At most, the witness risked losing the benefits of the agreement. In any event, any error in the court's denial of a missing witness charge was harmless.
The court properly admitted evidence of defendant's treatment by a psychiatrist. Defendant waived the physician-patient privilege by disclosing records of this treatment to government employees who were not involved in treating defendant (see People v Bierenbaum, 301 AD2d 119, 141-42 [1st Dept 2002], lv denied 99 NY2d 626 [2003], cert denied 540 US 821 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK