■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY RUSSELL JAMES, Appellant. — Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered January 17, 1983, upon a verdict convicting defendant of the crimes of rape in the second degree, incest and sexual abuse in the second degree. In March, 1982, defendant was indicted by a Tioga County Grand Jury for two counts of rape in the second degree, two counts of incest and one count of sexual abuse in the second degree. The first and second counts of the indictment charged defendant with rape in the second degree and incest, respectively, in connection with an incident on April 17, 1979, wherein defendant allegedly engaged in sexual intercourse with his daughter, Kelly M. James, who was then under 14 years old. The third and fourth counts of the indictment charged defendant with identical crimes in connection with an incident on July 7, 1979. The fifth count of the indictment charged defendant with the crime of sexual abuse in the second degree in connection with an incident, also on July 7, 1979, wherein defendant allegedly subjected Kelly M. James and Mary E. James, who were both under 14 years old, to sexual contact by having them masturbate him and insert a foreign object into his rectum. In July, 1982, the trial court granted the People's motion to amend the indictment by changing the date specified in the first two counts from April 17, 1979 to April 17, 1980 and the date specified in the third, fourth and fifth counts from July 7, 1979 to July 7, 1980. A jury trial commenced on September 8, 1982. The parties stipulated that defendant was born on April 7, 1941, and that his daughters, Kelly and Mary, were born on August 28, 1967 and September 16, 1968, respectively. At the time the incidents allegedly took place, therefore, defendant was 39 years old, Kelly was 12 years old, and Mary was 11 years old. Kelly testified that she engaged in sexual intercourse with her father on April 17, 1980. Mary testified that she entered the bedroom on this occasion and observed defendant and Kelly engaged in sexual intercourse. Kelly testified to the alleged incident on July 7, 1980 as follows. As the evening progressed, she, Mary and defendant were watching television. At some point, she observed Mary masturbating defendant by rubbing her hand on his penis. The three proceeded to a bedroom upon defendant's suggestion. Following defendant's instructions, Kelly inserted a wooden stick into defendant's anus while Mary continued to masturbate him to the point of orgasm.

Mary's testimony regarding this incident conformed to that of her sister in all material aspects. Neither daughter testified to any sexual intercourse at this time. The third and fourth counts of the indictment were dismissed at the close of the People's case. The fifth count was amended to delete the reference to Kelly and the foreign object. The jury returned a verdict of guilty on the three remaining counts of the indictment and this appeal ensued. Defendant contends that the trial court improperly permitted testimony of uncharged crimes. Specifically, defendant cites two instances, which occurred during the direct examination of Kelly James, wherein reference was made to uncharged incidents of sexual activity between defendant and Kelly. On both occasions, defendant's motion for a mistrial was denied. Evidence of uncharged crimes is inadmissible if offered for the sole purpose of raising an inference that a defendant possesses a criminal disposition and is, therefore, likely to have committed the crime charged (*People v McKinney,* 24 NY2d 180, 184). Evidence of other crimes is admissible, however, "if directly probative of the crime charged for in that event the evidence is relevant for a purpose other than to show a criminal disposition and its probative value is deemed to outweigh the danger of prejudice" (*id.*). On this theory, evidence of an ongoing relationship "reasonably indicating a continuity of the lascivious disposition" of the parties in cases such as this is admissible to show defendant's amorous design (*People v Thompson,* 212 NY 249, 254; see, also, *People v Fuller,* 50 NY2d 628, 636; *People v Pepper,* 89 AD2d 714, 717, affd 59 NY2d 353). Accordingly, the trial court did not improperly permit testimony of the uncharged crimes. Moreover, in view of the fact that the proof of uncharged crimes was very limited, the failure of the trial court to give a limiting instruction was not prejudicial and did not result in the denial of a fair trial (cf. *People v Williams,* 50 NY2d 996). We next turn to defendant's assertion that the trial court improperly excluded evidence of one of the victim's prior sexual activities. On direct examination, the prosecutor elicited testimony from Kelly that, prior to the incidents with defendant, she had not had sexual relations. Since that time Kelly testified, she had had sexual relations with others. Defendant sought to introduce evidence of Kelly's sexual relations with others. Defendant now asserts that evidence of Kelly's sexual relations prior to the incidents with defendant was admissible under CPL 60.42 (subd 3) to rebut Kelly's testimony that she had none. An examination of the trial court's ruling in this regard reveals that had such evidence been available, the trial court would have permitted it. With respect to defendant's offer of proof, the Trial Judge ruled: "I'm going to deny it * * * unless you can show here in chambers you have testimony to show these acts of intercourse took place before this girl had intercourse with her father". Defendant was unable to make such a showing. Defendant accurately notes that CPL 60.42, which limits evidence of a victim's sexual conduct, is by its terms applicable only to prosecutions for offenses defined in article 130 of the Penal Law. Defendant was being prosecuted for offenses defined in article 255 as well as article 130 of the Penal Law. Evidence outside the proscriptive scope of CPL 60.42, however, is nevertheless inadmissible if irrelevant. In a case such as this, where consent is not in issue, evidence of the victim's prior sexual relations is irrelevant and, thus, properly ruled inadmissible (see *People v Bronson,* 71 AD2d 756). Defendant next contends that the fifth count of the indictment should have been dismissed for duplicity (CPL 200.30, subd 1; see *People v MacAfee,* 76 AD2d 157). As handed down by the Grand Jury, this count charged defendant with sexual abuse in the second degree (Penal Law, § 130.60, subd 2), alleging that: "[defendant] did, on or about the 7th day of July, 1979 * * * subject Kelly M. James and Mary E. James, both under the age of 14 years, to sexual contact by having said infant girls, among other things, masturbate him and insert a foreign object into his rectum." During trial,

defendant moved to dismiss the above count on the grounds of duplicity because two victims were alleged. The motion was denied. Instead, upon the People's application, the count was amended to delete the reference to Kelly and the use of the foreign object. The test for duplicity is whether the defendant could be convicted of either one of the crimes charged in the count if the District Attorney waives the other (*People v Rosado*, 64 AD2d 172, 177). Applying this standard, the fifth count of the indictment which, as originally phrased, charged defendant with second degree sexual abuse against two victims, was duplicitous. Nevertheless, defendant's argument that the indictment should be dismissed fails. CPL 210.20 (subd 3) provides that a defendant should raise all possible grounds challenging the indictment in his pretrial motion, risking summary denial of a subsequent motion upon an omitted ground for failure to do so. The record reveals that defendant did not raise the alleged duplicity of the fifth count in his pretrial motion, but orally raised it during trial. Moreover, CPL 210.25 (subd 1) provides that: "an indictment may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment, pursuant to section 200.70, and where the people move to so amend". CPL 200.70 (subd 1) permits amendment of an indictment with respect to defects relating to form when such amendment does not change the theory of the prosecution as reflected in the evidence before the Grand Jury or otherwise tend to prejudice defendant on the merits. Under the facts presented herein, the deletion of the reference to Kelly and the foreign object from the fifth count did not prejudice defendant. It should be noted that evidence of Kelly's use of the foreign object was admissible on the amended charge as a natural part of the narrative of events (see *People v Hallett*, 71 AD2d 815, 817). We have examined defendant's remaining contentions and find them to be without merit. The judgment should, therefore, be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.