OPINION OF THE COURT
Thomas A. Demakos, J.
By motion dated August 29, 1997, defense counsel (Defense) moved this court for dismissal of the indictment upon the grounds of: (I) Multiplicity, duplicity, double counting; (II) vagueness and resulting insufficiency; and (III) sufficiency. Further, Defense specifically incorporates within this motion the previously filed memorandum of law dated April 29, 1997, entitled "Capital Cases Require Heightened Due Process”.
The Assistant District Attorney opposed such motion and this court then calendared oral argument on September 26, 1997. On that date, defense counsel served upon the court a request to adjourn oral argument in order to afford counsel an opportunity to submit a written reply to the District Attorney’s memorandum of law. The court denied in part and granted in part such request and thereafter, on October 29th, entertained oral argument on the issues hereunder. On November 10th, this court was in receipt of defense counsel’s supplemental reply affirmation in support of the motion to dismiss the indict *70 ment. Noting that the issue of (III) sufficiency of the indictment has previously been decided by the court, the following constitutes this court’s decision and opinion on the above-mentioned issues:
HEIGHTENED DUE PROCESS STANDARD FOR CAPITAL CASES
Defense counsel alleges that when death is a possible outcome of a criminal prosecution, State and Federal law demand a heightened standard of due process at every phase of a capital case, from indictment to appeal. Specifically, Defense alleges that the Eighth Amendment to the United States Constitution, prohibiting cruel and unusual punishment, requires a more stringent standard of due process in capital cases. Defense further contends that the New York State Constitution expands that requirement and includes several provisions which specifically augment protection for a capital-eligible defendant.
The New York State Legislature, in authorizing the imposition of the death penalty for murder in the first degree, made a multitude of changes to the statutory scheme. The Penal Law, the Criminal Procedure Law, the Judiciary Law, the County Law, the Correction Law and the Executive Law all underwent extensive alterations to implement various aspects in the capital case proceeding. However, neither the United States Supreme Court nor the New York State Court of Appeals, nor the Legislature made statutory changes encompassing a blanket "heightened due process” standard for death penalty cases. (See, Beck v Alabama, 447 US 625 [1980]; People v Chinn, NYLJ, Nov. 19, 1996, at 31, col 3; People v Hale, 167 Misc 2d 872.)
Defense counsel, in support of his application for "heightened due process”, overreads the holding in several Federal court decisions and seeks to apply the procedural safeguards required in death penalty cases to stages of the proceeding where they have previously never been required. While it is axiomatic that a death penalty case is qualitatively different from all other kinds, it does not require a judicial rewriting or reinterpretation of the rules governing the various pretrial proceedings. To assume that a capital case requires such a "heightened” standard in pretrial proceedings would invariably conclude that defendants in nondeath penalty cases would warrant a lesser standard of due process.
This court is cognizant that death penalty cases require special care and warrant certain procedural safeguards. All *71 necessary precautions to ensure that the defendant’s rights will be protected in this case will be undertaken by this court. Accordingly, the defendant’s motion for "heightened due process” during the various stages of this proceeding is denied in all respects.
I. MULTIPLICITY, DUPLICITY AND DOUBLE COUNTING
A. Multiplicity
An indictment is multiplicitous when two or more separate counts charge the same crime. (See, People v Kindlon, 217 AD2d 793, 795 [3d Dept 1995], citing People v Senisi, 196 AD2d 376, 382 [2d Dept 1994].) An indictment is not considered multiplicitous if each count requires proof of an additional fact that the other does not (People v Kindlon, supra, at 795, citing Blockburger v United States, 284 US 299, 304).
Here, defense counsel contends that counts 1 through 4 of the indictment, each which charge murder in the first degree under Penal Law § 125.27 (1) (a) (vii) regarding the intentional killing of Darlene Johnson during the commission of four distinct enumerated felonies, are multiplicitous; also, that counts 5 and 6 of the indictment, each which charge murder in the first degree under Penal Law § 125.27 (1) (a) (vii) regarding the intentional killing of Hadiyah Holliman during the commission of two distinct enumerated felonies, are multiplicitous; and that counts 7 through 10 of the indictment, each which charge murder in the first degree under Penal Law § 125.27 (1) (a) (vii) regarding the intentional killing of Mary Mouzon during the commission of four distinct felonies, are multiplicitous.
Defense argues that such multiplicitous counts in the indictment run afoul of the State and Federal Constitutions and that there should be no more than a single felony murder in the first degree count for each decedent. To buttress his argument, he claims that the inclusion of different felonies in the same statutory subparagraph of murder in the first degree make clear the legislative intent that a single murder can only sustain a single charge under Penal Law § 125.27 (1) (a) (vii), even if different underlying felonies are involved. Defense counsel is mistaken in his interpretation of the statutory section.
The aggravating factors that elevate a murder to death penalty-eligible status are provided in Penal Law § 125.27 (1) (a) (i)-(xii). CPL 400.27, entitled "Procedure for determining sentence upon conviction for the offense of murder in the first *72 degree”, provides that "[f]or the purposes of a proceeding under this section [i.e., the penalty phase] each subparagraph of paragraph (a) of subdivision one of section 125.27 of the penal law shall be deemed to define an aggravating factor.” (See, CPL 400.27 [3].) In the defendant’s view, it is the phrase "an aggravating factor” which mandates that an indictment may charge only one count of murder in the first degree predicated upon subparagraph (vii).[1] To conclude otherwise, continues Defense, would improperly skew the penalty decision in favor of death by allowing duplication of a single aggravating factor. The People counter by arguing that the Legislature must have intended to permit separate charges arising out of different underlying felony aggravators because to limit multiple felonies to a single aggravator would, in essence, hold the defendant blameless for all but one of numerous felonies in a single criminal transaction.
In this case, each of the various counts charging murder in the first degree requires proof that the alleged killing of the victim occurred during the furtherance of a different felony. The defendant was properly charged with respect to different counts of murder in the first degree as to each of the three decedents because his alleged conduct, though emanating from one set of acts involving each victim, violated various sections of the Penal Law.[2] The mere fact that the Legislature chose to list a series of felonies together within one of the 12 subparagraphs of the aggravating factors (subpara [vii]) cannot be taken to mean that they intended to allow only one count of intentional murder during the course of a felony to be charged, even if a defendant committed an intentional killing in the furtherance of multiple felonies.
For these same reasons count 11 of the indictment, which charges murder in the first degree under Penal Law § 125.27 (1) (a) (viii) regarding the death of Mary Mouzon during the *73 same criminal transaction in which the defendant also caused the death of Hadiyah Holliman, and count 12 which charges murder in the first degree under Penal Law § 125.27 (1) (a) (x) regarding the killing of Mary Mouzon while acting in an especially cruel and wanton manner, are not multiplicitous.
Therefore, regarding defense counsel’s claim of multiplicity as to the first 10 counts of this indictment, his motion to reduce all murder in the first degree counts, each charging a distinct felony, to a single felony murder first degree count for each decedent, is denied. Additionally, his motion to dismiss counts 11 and 12 on these same grounds is also denied. The indictment as drafted is not multiplicitous nor is it in contravention of the statutory intent.
B. Duplicity
Preliminarily, CPL 200.30 provides that each count of an indictment may charge one offense only and therefore a count that accuses a defendant of more than one offense is called duplicitous. The test used to determine if an indictment contains a duplicitous count is whether a defendant could be convicted of "either one of the crimes charged in the count if the District Attorney waives the other”. (People v James, 98 AD2d 863, 865 [3d Dept 1983], citing People v Rosado, 64 AD2d 172, 177 [1st Dept 1978]; see also, People v Klipfel, 160 NY 371 [1899].) Moreover, it is fundamental that in order for a defendant to properly prepare a defense to the charges filed against him, an indictment must give the defendant notice of the charges and conduct that supports the charges (People v Morris, 61 NY2d 290, 293). The Fifth Amendment to the United States Constitution, applicable to the various States pursuant to the Fourteenth Amendment, guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb”. Similarly, article I, § 6 of the New York Constitution provides: "No person shall be subject to be twice put in jeopardy for the same offense”. Duplicitous counts are forbidden because they fail to give a defendant fair notice of the charges against him.
In the instant indictment, the crimes with which the defendant James Allen Gordon is charged occurred in a three-story structure with a common front door, one apartment per floor, each apartment having its own front door. Defense counsel contends that the burglary counts contained in this *74 indictment, counts 1, 5, 7, 16 through 21 and 25 and 29[3] are duplicitous due to the People’s failure to particularize and connect a particular entry to a particular charge involving the burglary. Defense counsel’s contention is without merit and counts 1, 5, 7, 16 through 21 and 25 are not duplicitous.
In this indictment the defendant is charged with:
Count 1: Murder in the first degree—the intentional murder of Darlene Johnson during the commission of burglary in the first degree.
Count 5: Murder in the first degree—the intentional murder of Hadyiah Holliman during the commission of burglary in the first degree.
Count 7: Murder in the first degree—the intentional murder of Mary Mouzon during the commission of burglary in the first degree.
Count 16: Murder in the second degree—the murder of Darlene Johnson during the commission of a burglary.
Count 17: Murder in the second degree—the felony murder of Hadyiah Holliman during the commission of a burglary.
Count 18: Murder in the second degree—the felony murder of Mary Mouzon during the commission of a burglary.
Count 19: Attempted murder in the first degree—victim Latisha Crite—during the commission of burglary in the first degree.
Count 20: Attempted murder in the first degree—victim Zakeyah Holliman—during the commission of burglary in the first degree.
Count 21: Burglary in the first degree—the residence of Darlene Johnson.
Count 25: Burglary in the first degree—the residence of Mary Mouzon.
Accordingly, counts 1, 5 and 7 are not duplicitous inasmuch as there are three different victims; counts 16, 17 and 18 are not duplicitous inasmuch as there are three different victims; counts 19 and 20 are not duplicitous inasmuch as there are two different victims; counts 21 and 25 are not duplicitous inasmuch as there are two different residences of two different victims. Furthermore, counts 3 and 4 charging murder in the first degree—the intentional murder of Darlene Johnson dur *75 ing the commission of sodomy—are not duplicitous, inasmuch as two different acts formed the basis of the two sodomies; and counts 9 and 10 charging murder in the first degree—the intentional murder of Mary Mouzon during the commission of sexual abuse—are not duplicitous inasmuch as two different acts formed the basis of the two different sexual abuse conducts.
On November 7, 1997, defense counsel served upon this court a supplemental reply affirmation in support of his motion to dismiss the burglary counts of the indictment, citing a Mississippi Supreme Court case, State v Berryhill (703 So 2d 290, 1997 WL 660471 [Banks, J.]). In that case, the Mississippi Supreme Court held that capital murder indictments that are predicated upon burglary are required to state the underlying offense to the burglary (supra, 703 So 2d 250, 255). The New York Court of Appeals has consistently held that in order to secure a conviction for burglary, the People need only to allege and prove a knowing and unlawful entry coupled with an intent to commit a crime therein (People v Mahboubian, 74 NY2d 174; People v Mackey, 49 NY2d 274). There is no requirement that the People allege or establish what particular crime was intended, or that the intended crime actually be committed (People v Mackey, supra, at 278-281). Although these were noncapital case decisions, this court will not disregard New York law and hold otherwise because this indictment charges capital offenses. Had the Legislature intended the result for which Defense argues, it could easily have revised the Penal Law during the period of time other revisions were being undertaken. It did not do so and Berryhill is neither the law in New York, nor a case which this court finds persuasive.
Thus, it is the decision of this court that from a plain reading of the indictment, coupled with the bill of particulars provided by the People, each count clearly sets forth a single charge. Accordingly, the defendant’s motion to dismiss various counts of the indictment upon the ground of duplicity is denied.
C. Double Counting
Defense counsel alleges that counts 1, 5 and 7,[4] which charge burglary in the first degree, rather than burglary in the third *76 degree, as the felony underlying murder in the first degree, impermissibly double counts the use-of-a-deadly-weapon element. Inasmuch as the subdivision used to elevate each of these underlying burglaries to burglary in the first degree alleges "armed with a deadly weapon” (Penal Law § 160.15 [2]) as the elevating factor, Defense now argues that a problem of double counting arises because each of these counts allege the use of a gun as the means for committing the murder. And having relied on the purported use of the handgun to establish the core element of causing death, Defense claims that the prosecution cannot now be permitted to deploy that same handgun to elevate the predicate charge of burglary in the third degree to one for burglary in the first degree.
Further, Defense alleges that these same counts, 1, 5 and 7, and also the felony murder counts, counts 16-18, and the attempted murder counts, counts 19 and 20, if all based upon burglaries alleging intent to kill as the criminal intent at the time of entry, impermissibly double count the intent to kill.
Defense counsel’s argument of double counting is misplaced. Clearly, a reading of the indictment demonstrates that no element in any charge is double counted. Initially, the use of a gun is not an element in the felony murder counts nor is it an element in the attempted murder counts. Moreover, to establish the murder element of the crime, the People must prove an intentional murder, while as to the burglary element, the People need only prove that the defendant unlawfully entered and remained in the victim’s premises with the intent to commit a crime, in this case, an intentional death. There is no prohibition, constitutional or otherwise, of using a single circumstance such as the victim’s death to establish more than one element of the crime charged.* ***[5] (See, People v Hale, 173 Misc 2d 140; Muniz v State, 851 SW2d 238, 246 [Tex].) Again, defense counsel overreads case law or fails to provide authority from distinguishing New York law.
Accordingly, defense counsel has failed to establish that any counts of the indictment impermissibly double count the use of *77 a weapon or the intent to kill. Thus, the motion to dismiss the aforementioned counts upon the ground of double counting is denied in all respects.
II. VAGUENESS AND RESULTING INSUFFICIENCY
Defense counsel argues that several of the critical phrases defining the crimes with which the defendant is charged have not been defined with sufficient precision, making the statutory subparagraph defining those crimes unconstitutionally vague. Specifically, he articulates the phrases "in the course of’, "in furtherance of’, "in the same criminal transaction” and "especially cruel and wanton” are unconstitutionally vague and overbroad, rendering the felony murder statutes unconstitutional pursuant to CPL 210.25 (3) and must be dismissed pursuant to CPL 210.20 (1) (a). Further, Defense argues that the vagueness of the definitions of the charged crimes also make it impossible for the prosecution to properly instruct the Grand Jury that voted this indictment under CPL 190.25 (6). For these reasons, Defense moves for dismissal of the first and second degree murder counts of the indictment arguing that they are defective pursuant to CPL 210.35 (5) and thus must be dismissed pursuant to CPL 210.20 (1) (c). Defense counsel’s contentions are without merit.
When challenging the constitutionality of a statute "as applied”, a criminal defendant bears a "heavy burden of demonstrating that a statute is unconstitutional”. (People v Bright, 71 NY2d 376, 382 [1988].) A penal statute will not be struck down as unconstitutionally vague as applied if the statute: (1) provides persons with sufficient notice of what conduct is prohibited; and (2) does not "permit or encourage arbitrary * * * [law] enforcement”. (Supra, at 382; see also, People v First Meridian Planning Corp., 86 NY2d 608, 621-622 [1995].) Applying these principles to the facts hereunder compels the conclusion that the "in the course of’ and "in furtherance of’ elements of the capital felony murder statute, and the "same criminal transaction” element of the capital multiple murder statute are indeed constitutional.
A penal statute must be worded so as to put the defendant on notice of what conduct is prohibited and to limit the potential of arbitrary law enforcement (see, People v Bright, supra, at 382). In this case the defendant James Allen Gordon received fair notice, in the indictment and in the bill of particulars, of the crimes with which he was charged. The basic function of an indictment is simply to notify the defendant *78 of the crimes of which he stands indicted (People v lannone, 45 NY2d 589). An indictment need only contain:
"[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature,
"(a) asserts facts supporting every element of the offense charged and the defendant’s * * * commission thereof with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation”. (CPL 200.50 [7] [a].)
This court cannot conceive that the wording of the indictment hereunder fails in these requirements. Nor is this court aware of any precedent which holds that these contested phrases have been considered unconstitutionally vague in the context of jury instructions pertaining to that crime. Likewise, there is no reason to believe that these very phrases are insufficiently precise for the purpose of defining an element of murder in the first degree. Accordingly, defense attorney’s motion to dismiss on these grounds is denied in its entirety.

. Defense counsel’s argument that since there are 10 counts of first degree felony murder, but only three decedents, allowing all 10 counts to go to the jury would require the jury to consider the same aggravating factors twice regarding Hadyiah Holliman and four times each regarding Darlene Johnson and Mary Mouzon, may be a valid argument at a penalty stage. However, at this point in the proceeding, such argument has no validity in determining whether or not such counts in the indictment are multiplicitous.

. In counts 3 and 4 (felony murder—sodomy), and counts 9 and 10 (felony murder—sexual abuse) of the indictment, the defendant is charged with what appears to be identical prosecutions. However, the bill of particulars provided by the People details the different conduct encompassed within these counts.

. After inspection by this court regarding the sufficiency of evidence presented, this court dismissed count 29 of the indictment. Therefore, any discussion of count 29 is moot.

. Count 1 "alleges ** * * the defendant * * * during the commission of the crime of Burglary in the First Degree * * * caused the death of Darlene Johnson * * * by shooting her in the head with a pistol”; count 5 "alleges * * * the defendant * * * during the commission of the crime of Burglary in *76 the First Degree * * * caused the death of Hadiyah Holliman * * * by shooting her in the head with a pistol”; count 7 "alleges * * * the defendant * * * during the commission of the crime of Burglary in the First Degree * * * caused the death of Mary Mouzon * * * by beating her, stabbing and cutting her and by shooting her in the mouth with a pistol”.

. See also, People v Berzups (49 NY2d 417), in which the New York Court of Appeals held that in felony murder, the underlying felony is not so much an element of the crime but rather functions as a replacement for the mens rea. The corpus of the crime is the killing of another.