OPINION OF THE COURT
David D. Egan, J.
Defendant moves this court to declare Penal Law § 125.27 (1) (a) (vii) unconstitutionally vague and overbroad because it *491 includes certain phrases that “fail[ ] to receive consistent definitions.” Defendant argues that the phrases “in the course of’ and “in furtherance of’ run afoul of his State and Federal constitutional protections. (See, NY Const art I; US Const 5th, 6th, 8th, 14th Amends.) Defendant seeks to have this court dismiss the first degree murder counts of the indictment, or preclude their application to him. The People oppose his motion.
The “void for vagueness” doctrine requires that a penal statute provide a defendant with adequate notice of the conduct prohibited, while affording “law enforcement officials some objective standard to avoid ‘the possibility that the law will be arbitrarily enforced.’ ” (People v First Meridian Planning Corp., 86 NY2d 608, 621-622 [1995], quoting People v Bright, 71 NY2d 376, 384 [1988].) Defendant bears the heavy burden of overcoming the presumption of a statute’s constitutionality. (Id., at 621-622.)
For years in the context of New York’s noncapital felony murder statute, Penal Law § 125.25 (3), the phrases “in the course of’ and “in furtherance of’ have implicitly passed constitutional muster.* (People v Bornholdt, 33 NY2d 75 [1973]; People v Britt, 212 AD2d 1034 [4th Dept 1995]; see also, People v Couser, 258 AD2d 74 [4th Dept 1999].) Nothing compels a different result under Penal Law § 125.27 (1) (a) (vii). (Accord, People v Santiago, Monroe County Ct, Jan. 14, 2000, Bristol, J.; People v Gordon, 175 Misc 2d 67, 77 [Sup Ct, Queens County 1997]; People v Bell, Sup Ct, Queens County, May 8, 1997, Cooperman, J., at 17; People v Mateo, 175 Misc 2d 192, 200-201 [Monroe County Ct 1997].)
Defendant also asserts that Penal Law § 125.27 (1) (a) (vii) is irrationally underinclusive in that it renders death eligible murder committed during certain felonies, but excludes other murders committed during what defendant describes as, “equally serious felonies, and premeditated murders.” In support, defendant cites proposed legislation to amend the existing statute to include intentional murder committed during additional felonies, such as digital rape.
Defendant’s argument is incongruous in the context of this case. Defendant does not argue that an intentional murder *492 committed during the course of a rape should not be sanction-able by death, just that murders committed during other forms of sexual abuse merit the same sanction. Defendant claims that this purported inconsistency renders the statute arbitrary.
A capital punishment statute need only “genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.” (Zant v Stephens, 462 US 862, 877 [1983].) This court declines to thrust itself into the role of the Legislature and determine which murders warrant the sanction of death. (See, Tuilaepa v California, 512 US 967, 974 [1994]; Gregg v Georgia, 428 US 153, 174-176 [1976].)
Sufficient reasons exist, including the level of violence associated with the felony committed during a murder, to justify the distinctions drawn by the Legislature. (Accord, People v Bell, supra, at 15-16; cf., Gregg v Georgia, supra; Gray v Lucas, 677 F2d 1086, 1104 [5th Cir 1982] [a Legislature’s designation of certain death eligible crimes should be given deference, unless clearly wrong].) For the same reason this court is not persuaded that the exclusion of premeditated murders from the list of death eligible murders renders the statute unconstitutional.
Defendant also argues that Penal Law § 125.27 (1) (a) (vii) has an unconstitutional disparate racial impact. This court finds this argument is wholly without merit. (People v Hale, 173 Misc 2d 140, 159-160 [Sup Ct, Kings County 1997].)
Defendant’s motion is denied.

 The language of Penal Law § 125.27 (1) (a), (vii) is nearly identical to the language of Penal Law § 125.25 (3). The sole distinction between the two statutes is the element of intent. Specifically, for a murder to be elevated to a capital offense under Penal Law § 125.27 (1) (a) (vii), it must be intentionally committed in the course of, and in furtherance of a felony.