(January 11, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD WALKER, Also Known as JAQUAN STEELE, Appellant. [719 NYS2d 322] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 9, 1998, upon a verdict convicting defendant of the crimes of murder in the second degree, attempted murder in the second degree and assault in the first degree.

Following a jury trial, defendant was convicted of murder in the second degree (intentional murder) for the shooting death of Akil Bomani and attempted murder in the second degree and assault in the first degree for shooting Omar Greenidge. The charges stemmed from an incident in the early morning hours of April 7, 1997 in which defendant, sitting in the front passenger seat of an automobile, discharged a handgun three times at close range killing Bomani and gravely injuring Greenidge—who survived and testified at trial—while the victims were seated in the rear of the automobile. Tanisha Brown, another eyewitness and occupant of the vehicle, also testified at trial. Upon his conviction, defendant was sentenced as a second felony offender to a term of imprisonment of 25 years to life for murder in the second degree to run consecutively to determinate terms of 25 years each for the assault and attempted murder convictions, the latter sentences to run concurrently to one another.

On defendant's appeal, we affirm. Defendant's principal *contention* is, apparently, that the guilty verdict was not supported by legally sufficient evidence and was contrary to the weight of the evidence. We disagree. The unrefuted trial

testimony established that the subject vehicle, driven by Donald Jones, traveled from the Bronx to the City of Albany in the early morning hours of April 7, 1997 with defendant seated in the front passenger seat. Bomani was seated in the back seat behind defendant, Brown was seated in the middle in the back seat, and Greenidge was seated in the back seat behind the driver. The males all knew one another, and defendant and Jones had been involved in a dispute with the victims over a missing eighth of an ounce of crack cocaine and $7,000 in cash.

Both Brown and Greenidge testified that while the car was on railroad tracks near the Colonie Street off-ramp to Interstate Route 787, defendant fired shots at close range at Bomani and Greenidge stating, "I seen you on the [boulevard]. Could have got you then." Bomani was shot in the chest and Greenidge was shot twice, in the right shoulder and spine. Brown testified that she and the victims were sleeping just prior to the shooting; she woke up as she was being pulled forward by one of the front seat occupants who slapped the victims just prior to the shootings, and defendant was the only person to discharge a gun in the car. Jones, defendant and Brown fled the scene. Greenidge lost consciousness and when paramedics arrived hours later, Bomani was pronounced dead at the scene.[1] Additionally, after defendant was apprehended and arrested for these crimes several months later, he inquired about possible sentencing and stated to a detective of the Albany Police Department, "Well, I'll plead to it. I did it. But my concern is, is it a capital murder case?"

Viewing the foregoing in the light most favorable to the prosecution, we readily conclude that the People introduced legally sufficient evidence to establish beyond a reasonable doubt that defendant, acting with the requisite intent, shot Bomani in the chest at point blank range causing his death (see, Penal Law § 125.25 [1]) and shot Greenidge twice, conduct tending to effect the commission of intentional murder (see, Penal Law § 125.25 [1]; § 110.00; *People v Williams*, 84 NY2d 925, 926; *People v Bleakley*, 69 NY2d 490, 495; *People v Contes*, 60 NY2d 620, 621). Further, the testimony established that one bullet had to be surgically removed from Greenidge's arm and the other bullet remained lodged in his spine, causing life-

---

1. Forensic expert testimony was introduced—which was based upon the entry angle of the bullets and the injuries to the victims—that the victims' injuries, when taken together, were consistent with having been shot from the direction of the front passenger seat. While Bomani's injuries were consistent with shots being fired from either the driver's seat or the front passenger seat, Greenidge's injuries were not consistent with a driver-side shooting.

threatening injury resulting in paralysis and requiring long-term rehabilitation. This evidence was ample and sufficient to establish defendant's intentional infliction of serious physical injury by means of a handgun, a deadly weapon, as required to sustain the conviction for assault in the first degree (*see,* Penal Law § 10.00 [10]; § 120.10 [1]; *see also, People v Kern,* 75 NY2d 638, 658, *cert denied* 498 US 824; *People v Grier,* 261 AD2d 555, *lv denied* 93 NY2d 1019; *People v Moreno,* 233 AD2d 531, *lv denied* 89 NY2d 944; *People v Gill,* 228 AD2d 240, *lv denied* 88 NY2d 985; *People v Beatty,* 134 AD2d 602, *lv denied* 71 NY2d 892).

Defendant's contentions directed at the weight of the evidence are similarly unpersuasive. Neither the fact that the seriously injured victim, Greenidge, was initially reluctant to identify defendant—whom he knew—as the shooter nor the need to subpoena Brown's testimony at trial rendered their testimony unworthy of belief. Furthermore, it was primarily a function for the jury to assess and resolve the claimed inconsistencies and shortcomings in Brown and Greenidge's testimony, which were elicited and explored upon cross-examination, and to determine whether to credit their eyewitness accounts (*see, People v Denis,* 276 AD2d 237, 244-246). Viewing the evidence in a neutral light, we are satisfied that the jury verdict is not contrary to the weight of the credible evidence (*see, People v Bleakley, supra,* at 495; *see also,* CPL 470.15 [5]).

Turning to the claimed trial errors, we have reviewed County Court's rulings and remarks identified by defendant as objectionable or improper and determine that they were neither unfair nor reflective of bias or hostility and did not deprive defendant of a fair trial (*see, People v Tunstall,* 197 AD2d 791, 792, *lv denied* 83 NY2d 811).[2] Moreover, a review of the record fails to support defendant's contention that he was denied effective assistance of trial counsel. Indeed, defendant—who was positively identified by two people with whom he traveled in a car for several hours—essentially confessed to the crimes and the few claimed deficiencies in counsel's performance do not support the conclusion that he was denied meaningful representation (*see, People v Benevento,* 91 NY2d 708, 712-714; *People v Baldi,* 54 NY2d 137, 147).

Finally, contrary to appellate counsel's assertions, the imposition of consecutive sentences for the intentional murder

---

**2.** Although defendant also raises this claim with respect to County Court's rulings or remarks at the suppression hearing, he fails to identify any specific instances in this regard.

of Bomani (Penal Law § 125.25 [1]) and the intentional assault (Penal Law § 120.10 [1]) and attempted murder of Greenidge is authorized by Penal Law § 70.25 (*see, People v Brathwaite*, 63 NY2d 839, 843). To be sure, defendant's successive, intentional conduct in shooting Bomani and twice shooting Greenidge constituted distinct and separate acts, and the act of shooting Bomani was not a material element of either the assault or attempted murder of Greenidge (*see*, Penal Law § 70.25 [2]; § 15.00 [1]; *People v Truesdell*, 70 NY2d 809; *People v Walker*, 274 AD2d 600; *People v Porter*, 256 AD2d 363, 364, *lv denied* 93 NY2d 976; *People v Castillo*, 247 AD2d 306, *lv denied* 92 NY2d 849; *People v Fields*, 236 AD2d 555, *lv denied* 89 NY2d 1092; *People v Chandler*, 106 AD2d 677, 678). Moreover, given defendant's felony record and the brutal nature of these crimes which ended one young life and severely impacted another, we find no abuse of discretion in County Court's imposition of the maximum consecutive sentences (*see*, *People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872).

We have considered defendant's remaining claims and conclude that they are devoid of any merit.

Crew III, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.