(October 20, 2005)

■ The People of the State of New York, Respondent, v Omar J. Wright, Also Known as K.O., Appellant. [802 NYS2d 545]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered January 3, 2003, upon a verdict convicting defendant of the crimes of robbery in the first degree (three counts), robbery in the second degree, criminal possession of a weapon in the second degree, assault in the second degree, criminal possession of a weapon in the third degree (six counts), conspiracy in the fourth degree and reckless endangerment in the first degree.

Defendant was convicted, following a jury trial, of 14 felonies arising from a series of gang-related crimes in the City of Schenectady, Schenectady County, between October 2000 and February 2001. In the first incident, on the evening of October 12, 2000 while *attempting to exact revenge* against a rival gang member who fled, defendant opened fire along a city street and shot a young woman walking nearby on the sidewalk (the Lincoln Avenue shooting). Defendant was convicted of assault in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the third degree (two counts). The second incident occurred on January 4, 2001 during which a fellow gang member, Elliott Felder, was lured behind an abandoned garage and shot and killed for breaking gang rules. Defendant was acquitted of second degree murder and other related charges, but convicted of two counts of criminal possession of a weapon in the third degree. The following month, defendant, along with Robert Evans and another gang member, conspired to rob Evans' cousin who was on parole, using as a ruse the sale of a gun at a house on Eagle Street (the Eagle Street robbery). During that episode, they robbed the cousin and another man at gunpoint taking cash, jewelry, coats and a gun, and then left when interrupted by two unarmed friends of the victim who entered the house. Defendant was convicted of three counts of robbery in the first degree, robbery in the second degree, conspiracy in the fourth degree, criminal possession of a weapon in the second degree and criminal possession of a

weapon in the third degree (two counts). Upon his convictions, defendant was sentenced to an aggregate prison term of 40⅓ to 43 years. Defendant now appeals, and we affirm.

Initially, defendant contends that the counts in the indictment charging him with robbery are each duplicitous (*see* CPL 200.30) in that two victims are specified in the bill of particulars for each of the robbery counts. However, defendant waived this objection to the indictment by failing to move to dismiss on this ground, as required, prior to trial (*see* CPL 200.70, 200.95 [8]; 210.20, 255.20) despite clear notice that two victims were alleged as to each robbery count, first raising the issue in an untimely, oral motion after the jury had already been charged (*see People v Raymo*, 19 AD3d 727, 728-729 [2005], *lv denied* 5 NY3d 793 [2005]; *People v Morey*, 224 AD2d 730, 731 [1996], *lv denied* 87 NY2d 1022 [1996]; *People v James*, 98 AD2d 863, 865 [1983]; *People v Branch*, 73 AD2d 230, 234-235 [1980]). Had a timely motion been made, the People would have had an opportunity, if necessary, to amend the indictment or bill of particulars (*see* CPL 200.70 [1]; 200.95 [8]; *see People v James, supra*). Under these circumstances, we decline to take corrective action in the interest of justice (*see* CPL 470.15 [3] [c]).

Next, defendant challenges all aspects of the jury's verdict as against the weight of the credible evidence, except the Eagle Street weapons possession counts. In the Lincoln Avenue shooting, the victim testified that while she was not able to identify defendant—who she did not previously know—as the person who shot her, she was able to identify him from two encounters days later in which he apologized and admitted to shooting her, explaining his motive and that his target had been a rival gang member. Neither the victim's inability to positively identify defendant from a photo array (she selected defendant's photo as the one who looked most like the apologist) nor any other aspect of her testimony rendered it unworthy of belief or implausible (*see People v Walker*, 279 AD2d 696, 698 [2001], *lv denied* 96 NY2d 869 [2001]; *People v Denis*, 276 AD2d 237, 245-246 [2000], *lvs denied* 96 NY2d 782, 861 [2001]). Her testimony was corroborated by Evans' testimony that defendant had boasted about and described the shooting and recounted having contact with the victim after the shooting. Two other witnesses testified to conversations with defendant in which he admitted the shooting. Despite the nonvictim witnesses' criminal histories and the fact they testified pursuant to cooperation agreements in which they received leniency, the witnesses' potential bias was fully explored on cross-examination; their testimony was not incredible but, rather, was consistent with the victim's credible ac-

count and no compelling contradictory evidence was presented (*see People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]; *People v Walker, supra; People v Denis, supra*). Deferring to the jury's first-hand opportunity to observe these witnesses, we find no merit to defendant's claim that the verdict related to this shooting was contrary to the weight of credible evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Allen, supra; People v Denis, supra*).

We are similarly unpersuaded by defendant's challenges to his other convictions. Defendant's possession of a loaded handgun on the night of Felder's murder was established by the testimony of a fellow gang member who witnessed the murder, as well as by Evans' account of seeing defendant with the gun. Next, with regard to defendant's conspiracy to commit and planned participation in the Eagle Street robbery, ample testimony was introduced including that of Evans and the two victims who identified defendant. Also testifying were the friends who arrived during the robbery—one of whom was able to identify defendant. Viewing the evidence in a neutral light, we find that all of the convictions were supported by the weight of consistent, credible and believable testimony (*see People v Bleakley, supra*).

We also find without merit defendant's claim that the prosecutor's redirect questioning of a witness deprived him of a fair trial. Defense counsel promptly objected, the witness never answered the second question and County Court provided a strong curative instruction directing the jury to disregard the questions, ameliorating any prejudice (*see People v McCombs*, 18 AD3d 888, 890 [2005]). Indeed, defendant was acquitted of the Felder murder to which one of the questions related, undermining a claim of undue prejudice.

Next, upon review of County Court's instruction to the jury addressing "reasonable doubt," derived from the first revised edition of the Criminal Jury Instructions, we find that it sufficiently conveyed the correct principles (*see People v Johnson*, 307 AD2d 384, 385 [2003], *lv denied* 1 NY3d 574 [2003]). It neither shifted nor reduced the burden of proof (*see People v Setless*, 289 AD2d 708, 709 [2001], *lv denied* 98 NY2d 640 [2002]), nor suggested that jurors were obligated to articulate the basis for any reasonable doubt they harbored (*see People v Antommarchi*, 80 NY2d 247, 251-252 [1992]; *People v Memminger*, 1 AD3d 292, 292 [2003], *lv denied* 1 NY3d 631 [2004]). Finally, despite defendant being 19 years old at the time of these crimes, we cannot say that County Court's imposition of maximum consecutive sentences was an abuse of discretion, and we discern

no extraordinary circumstances warranting modification in the interest of justice (*see People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]). Defendant has an extensive, violent criminal history (*see People v Wright*, 1 AD3d 707 [2003], *lv denied* 1 NY3d 636 [2004]) and the accounts of these crimes reflect his willingness to instill fear in his victims, to engage in violence and to endanger the lives of others.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.