■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. BOWE, Appellant. [876 NYS2d 762]—

Malone Jr., J. Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered December 14, 2007, convicting defendant upon his plea of guilty of 11 counts of the crime of cruelty to animals.

Defendant was charged in a 15-count indictment with numerous misdemeanor violations of Agriculture and Markets Law § 353 after State Police discovered 15 horses on his property in Fulton County, some of which were dead and others which were severely emaciated. Two of the horses were in such a debilitated state that they had to be euthanized after they were removed from defendant's property. Defendant moved to dismiss certain

counts of the indictment on the ground, among others, that the evidence before the grand jury was legally insufficient. County Court granted the motion with respect to counts 10, 12, 13 and 15 of the indictment. Defendant also moved to dismiss the indictment on the ground that Agriculture and Markets Law § 353 was unconstitutionally vague. County Court denied this motion. Defendant ultimately pleaded guilty to the remaining counts of the indictment, but reserved his right to appeal the constitutionality of the statute. He was sentenced to three years of probation and he now appeals.

Agriculture and Markets Law § 353 provides, in pertinent part, that "[a] person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame . . . or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink . . . is guilty of a class A misdemeanor." Defendant asserts that the statute is unconstitutionally vague because it fails to define the term "necessary sustenance" and County Court improperly construed it as encompassing more than the provision of food or drink in applying the statute to defendant.

Preliminarily, we note that "[u]nder established principles of judicial restraint . . . , courts should not address constitutional issues when a decision can be reached on other grounds" (*Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.*, 80 NY2d 531, 535 [1992]). Applying this principle, we affirm the judgment of conviction without reaching defendant's constitutional claim. Significantly, the charges of the indictment to which defendant pleaded guilty alleged not only that he failed to provide the horses with "necessary sustenance," but also that he failed to provide them with "sufficient food or drink." Although the plea allocution was abbreviated, the indictment specifically referenced the deprivation of food and drink as a manner in which defendant violated Agriculture and Markets Law § 353, and the evidence in the record established that he did so. The statute specifically provides that the failure to provide an animal with "food or drink" constitutes a violation thereof (*see* Agriculture and Markets Law § 353). Consequently, given that the specifications of the charges to which defendant pleaded guilty provided an independent basis for finding a violation of the statute, irrespective of whether or not he failed to provide "necessary sustenance," we decline to consider whether the statute was unconstitutionally vague as applied to him. As for defendant's assertion that County Court erroneously construed Agriculture and Markets Law § 353 as a strict li-

ability statute, we reject this claim as it is not substantiated by the record.

Cardona, P.J., Peters, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.