▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PETERS, Appellant. [911 NYS2d 719]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Washington County (Berke, J.), rendered July 11, 2006, upon a verdict convicting defendant of the crime of animal cruelty, and (2) by permission, from an order of said court (McKeighan, J.), entered June 15, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, a veterinarian, was indicted on a single count of animal cruelty, based upon his alleged unjustifiable failure to provide a mare and her foal with necessary sustenance, food and drink in September 2005. Defendant had acquired the mare at an April 2005 auction when she was pregnant, in pain, and nearly lame from a hoof condition. The foal was born approximately six weeks later. Ultimately, an employee of defendant, James Anagnos, became concerned that defendant planned to euthanize the mare due to the continued deterioration of her health. Anagnos purchased both the mare and foal from defendant in September 2005, and then transferred them two days later to a nearby equine rescue ranch, where their condition improved and they remained thereafter.

Following a jury trial, defendant was found guilty of the

charge and County Court (Berke, J.) sentenced him to three years of probation. Defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction was thereafter denied. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate.

As relevant here, Agriculture and Markets Law § 353 provides that one who "deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal . . . to be deprived of necessary food or drink . . . is guilty of a class A misdemeanor." Initially, defendant argues that the indictment is duplicitous because it charges him with cruelty to two animals in a single count under section 353 (*see People v Wright*, 22 AD3d 873, 875 [2005], *lv denied* 6 NY3d 755 [2005]; *People v James*, 98 AD2d 863, 864-865 [1983]; cf. *People v Bowe*, 61 AD3d 1185, 1185 [2009], *lv denied* 12 NY3d 923 [2009]; *People v Gigliuto*, 22 AD3d 890, 890-891 [2005], *lv denied* 7 NY3d 789 [2006]). The record reveals that County Court raised this issue during a pretrial conference, and the People indicated they would amend the indictment if defendant objected to trial upon a single count involving both animals. In response, defendant expressly waived any objection to the duplicitous charge upon the People's agreement that they would be required to prove that both the mare and the foal were maltreated. Under these circumstances, defendant waived this particular objection to the indictment, and we decline to exercise our interest of justice jurisdiction and reverse upon the ground that the charge was duplicitous (*see People v Wright*, 22 AD3d at 875).

At the close of the People's proof, defendant noted the People's concession that they were required to prove that both the mare and foal were maltreated, and he moved for a directed verdict upon the ground that the People failed to prove that the foal was cruelly treated. County Court denied the motion. Defendant then presented evidence, but failed to move to dismiss at the close of all proof. Thus, he failed to preserve his challenge in this appeal to the legal sufficiency of the evidence supporting his conviction (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Hines*, 97 NY2d 56, 61-62 [2001]; cf. *People v Payne*, 3 NY3d 266, 273 [2004]). Nor does defendant request that we weigh the evidence in light of the elements of the crime as charged to the jury, a request that does not require preservation (*see People v Danielson*, 9 NY3d 342, 346, 348-349 [2007]; *People v Loomis*, 56 AD3d 1046, 1046-1047 [2008]). Nevertheless, because the evidence was legally insufficient to support a conviction of the crime of animal cruelty *as charged to the jury without exception*

(*see People v Sala*, 95 NY2d 254, 260 [2000]; *People v Dekle*, 56 NY2d 835, 837 [1982])—and, thus, the verdict was necessarily against the weight of the evidence (*see People v Danielson*, 9 NY3d at 349)—we exercise our interest of justice jurisdiction and now reverse.

County Court charged the jury that in order to find defendant guilty, it must find that defendant "unjustifiably failed to provide [both] the mare horse and her foal with necessary sustenance and or food and or drink, caused or permitted physical pain or suffering to [both] the mare horse and her foal." While there was ample, troubling evidence—including photographic evidence—of defendant's failure to provide food or drink to the mare, there was minimal evidence that he neglected the foal. Defendant presented several witnesses that testified that the foal was in good condition, appeared healthy and was observed consuming food and water after weaning. In contrast, the People presented evidence that, at the time that the horses were rescued, the foal was listless, lethargic, underweight and not thriving, and the foal attempted to nurse from its mother but was unable to do so. Nevertheless, the People's expert indicated that while a foal that age would be expected to continue nursing and receiving nutrition from its mother, this foal was old enough to be weaned and was, in fact, sustaining itself on pasture or other feed, such as grain, which is an appropriate feed component for a foal of its age.

The People's expert further testified that the foal had a "pot belly," which is indicative of undernourishment but is also seen in animals that are given food that "is of high roughage or poor quality," and that the foal had a low grade fever and "probably suffered some mild pneumonia." The expert explained that a foal can lose weight after weaning as it acclimates to a new food source and that the foal's failure to thrive was "not necessarily . . . related to nutrition, you know, exclusively," but could have resulted from the mild pneumonia that it was experiencing. Indeed, when asked directly whether, in his expert opinion, the foal was denied sustenance, food or water to constitute animal cruelty, the People's expert first compared the foal to "a child going to the pediatrician, [and being] below the curves" and then stated, "I would not consider that foal to be mismanaged." This is to be juxtaposed with the expert's opinion regarding the mare, which was that, to a reasonable degree of medical certainty, the mare was deprived of necessary food and sustenance.

In light of the foregoing, it cannot be said that "there is a valid line of reasoning and permissible inferences from which a

rational jury could have found the elements of the crime"—as it was charged to the jury—were "proved beyond a reasonable doubt" (*People v Danielson*, 9 NY3d at 349 [internal quotation marks and citations omitted]). That is, the evidence is legally insufficient to support the conviction of animal cruelty with respect to both the mare *and the foal*. Moreover, even assuming that the evidence was legally sufficient, upon "weigh[ing] [the] conflicting testimony, review[ing] [the] rational inferences that may be drawn from the evidence and evaluat[ing] the strength of such conclusions," we would find that "the jury was [not] justified in finding the defendant guilty beyond a reasonable doubt" of cruelty to the foal, and the verdict was therefore against the weight of the evidence (*id.* at 348).

Defendant's remaining arguments on appeal from his conviction, as well as his appeal from the order denying his motion pursuant to CPL 440.10, are rendered academic by our decision.

Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and indictment dismissed. Ordered that the appeal from the order is dismissed, as academic.