The People of the State of New York, Respondent,
against
Joel Moronta, Appellant. 




John P. Savoca, for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Harrison, Westchester County (Daniel D. Angiolillo, J.), rendered June 18, 2018. The judgment, after a nonjury trial, convicted defendant of harassment in the second degree, and imposed sentence. The appeal brings up for review a June 18, 2018 order of that court denying defendant's motion to dismiss the accusatory instrument on duplicity grounds.




ORDERED that the judgment of conviction is reversed, on the facts and as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.

Defendant was charged in an information with one count of harassment in the second degree (Penal Law § 240.26 [1]), in that he, "with intent to harass, annoy or alarm the victim, . . . intentionally used his hand and poked the victim in her breast and breast region without permission or consent to do so, causing the victim to be alarmed and upset, and did this two times." During his opening statement at a nonjury trial, the prosecutor declared that there will be "cold, hard, undisputable video evidence, today. It's going to show [that the defendant,] purposely poke[d] the victim in [the area of her breast, n]ot once, but twice." The complainant, the sole witness for the prosecution, testified that defendant had touched her breast or breast region on two different occasions on February 10, 2017. Video surveillance camera footage of both incidents established that the incidents had occurred approximately two hours apart. The footage also showed definitively that, during the first incident, defendant had touched the back of the complainant's neck, not her breast area.
Contrary to defendant's contention, we find that the information was not facially duplicitous, as there is no indication therein, or in the supporting deposition of the complainant, that the "two times" did not constitute a continuing course of conduct. Although defendant argues [*2]correctly that the trial evidence rendered the single charge of harassment in the second degree duplicitous, as the two touchings clearly were not a continuous course of conduct, his assertion that this mandates dismissal of the information is erroneous. Instead, to obtain a conviction of harassment in the second degree, the prosecution must have proven beyond a reasonable doubt that defendant, with intent to harass, annoy or alarm the complainant, touched her breast or breast area on both occasions (see People v Vasquez, 161 AD3d 902, 902 [2018] ["Where the prosecution is limited by the [information] to a certain theory or theories, the court must hold the prosecution to such narrower theory or theories"]; People v Peters, 79 AD3d 1274 [2010] [conviction of a duplicitous charge based upon multiple, distinct acts requires proof beyond a reasonable doubt of each unlawful act]). The People failed to do so, because the video evidence clearly showed that, during the first incident, defendant did not touch the complainant's breast or breast area. Consequently, the guilty verdict was against the weight of the evidence (see Peters, 79 AD3d 1274), and we reverse the judgment of conviction as a matter of discretion in the interest of justice.
In view of the foregoing, the remainder of defendant's appellate points are rendered academic, and we do not pass upon them.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020