■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SETLESS, Appellant. [734 NYS2d 658] —Lahtinen, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 17, 1996, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was indicted by a Rensselaer County Grand Jury for murder in the second degree (two counts) arising from the strangulation death of Louise Jenowski (hereinafter the victim) on April 27, 1991 in the City of Troy, Rensselaer County. This Court reversed defendant's previous conviction on this indictment and remitted the matter for a new trial based upon County Court's improper admission of prejudicial or irrelevant testimony and failure to hold a *Ventimiglia* hearing (213 AD2d 900, *lv denied* 86 NY2d 740). Convicted after a new jury trial of one count of murder in the second degree—intentional murder (*see*, Penal Law § 125.25 [1])—defendant was sentenced to a prison term of 25 years to life; he now appeals.

Defendant initially claims that County Court's definition of reasonable doubt in its charge violated due process by improperly minimizing the People's burden of proof. We disagree. County Court charged the jury, in pertinent part, as

follows: "A doubt to be a reasonable doubt must arise because of the nature and quality of the evidence in the case or from the lack or insufficiency of the evidence in the case. A doubt to be a reasonable doubt should be one which a reasonable person acting in a manner [*sic*] of this importance would be likely to entertain because of the evidence or lack or insufficiency of the evidence in the case." This definition is virtually identical to the reasonable doubt charge in the Pattern Criminal Jury Instructions (*see,* 1 CJI[NY] 6.20, at 249) which is "[t]he preferred phrasing to convey the concept and degree of reasonable doubt" (*People v Cubino,* 88 NY2d 998, 1000), and County Court's charge on reasonable doubt did not improperly diminish or shift the People's burden of proof (*see, People v Pochily,* 255 AD2d 695, 697, *lv denied* 93 NY2d 856; *People v Johnson,* 245 AD2d 570, 571, *lv denied* 92 NY2d 854; *People v Martin,* 206 AD2d 591, 592). We also find no error in County Court's refusal to marshal the evidence in its charge. A court is required to charge the jury stating applicable fundamental legal principles and material legal principles particular to the case, and need only marshal the evidence as necessary, to explain the application of law to the facts (*see,* CPL 300.10 [2]; *People v Saunders,* 64 NY2d 665, 667). Our review of the record indicates that County Court appropriately referenced the facts in the context of explaining the applicable legal principles and was even-handed and fair in so doing (*see, People v Hollis,* 106 AD2d 462, 464).

Next, defendant claims that he received ineffective assistance of counsel as a result of his counsel's failure to request certain charges to the jury or to properly preserve other challenges to County Court's charge. We reject such arguments. County Court properly instructed the jury regarding the testimony of defendant's son, who defendant claims was an interested witness, adequately informing the jury that it could consider the possibility of the witness's bias and motive to falsify (*see, People v Jackson,* 74 NY2d 787, 790; *see also, People v Inniss,* 83 NY2d 653, 659; 1 CJI[NY] 7.24, at 305). Likewise, defendant's counsel was not ineffective by not preserving an objection to County Court's refusal to submit a circumstantial evidence charge to the jury. There was direct evidence of defendant's involvement with the victim near the time of her death, including his statements to the police and his admissions to his son pertaining to his involvement in the murder, so no circumstantial evidence charge was needed (*see, People v Daddona,* 81 NY2d 990, 992; *People v Barnes,* 50 NY2d 375, 380). Similarly unavailing is the claim that counsel failed to preserve defendant's challenge to County Court's refusal to

charge the defense of extreme emotional disturbance. To be entitled to that charge, defendant was required to establish the elements of that affirmative defense (*see,* Penal Law § 125.25 [1] [a]) by a preponderance of the evidence (*see,* Penal Law § 25.00 [2]; *People v Patterson,* 39 NY2d 288, 301-302, *affd* 432 US 197), which on this record he was unable to do. Additionally, our review of the record reveals that defendant otherwise received "meaningful representation" (*People v Benevento,* 91 NY2d 708, 712; *see, People v Baldi,* 54 NY2d 137, 147), as defense counsel followed a cogent strategy, conducted pretrial proceedings, vigorously cross-examined the People's witnesses, made timely and appropriate evidentiary objections and appropriate requests for submission of lesser included offenses to the jury.

Defendant next argues that, given the testimony of his son and his admissions regarding his sadomasochistic relationship with the victim, County Court's *Ventimiglia* ruling allowing additional evidence of this relationship was unnecessary and its probative value was outweighed by its prejudicial effect. We disagree. County Court's *Ventimiglia* and evidentiary rulings at trial properly balanced "the degree of probativeness and the potential for prejudice" of this evidence (*People v Ventimiglia,* 52 NY2d 350, 359-360). Such evidence was relevant because it had a " ' "tendency in reason to prove * * *" ' " motive (*People v Lewis,* 69 NY2d 321, 325 [citations omitted]; *accord, People v Alvino,* 71 NY2d 233, 241), especially when coupled with the proof that the victim threatened to reveal the relationship to defendant's mother and his girlfriend.

Defendant's other challenges to County Court's evidentiary rulings, including the admissibility of the proof that his son had a sexual relationship with the victim, have been examined and found to be without merit. Defendant's challenge, raised in his *pro se* brief, to the admissibility of his statement to the police was resolved by our earlier decision (213 AD2d 900, 901, *supra*) and cannot be raised on this appeal (*see, People v Nieves,* 67 NY2d 125, 137, n 5).

Finally, we reject defendant's argument that his sentence is harsh and excessive. Defendant's sentence is within the applicable statutory parameters and we find no extraordinary circumstances in the record which would warrant a reduction (*see, People v Dolphy,* 257 AD2d 681, *lv denied* 93 NY2d 872).

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.