■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY P. JOHNSON, Appellant. [761 NYS2d 402] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 25, 2001, upon a verdict convicting defendant of the crime of sodomy in the third degree.

On the night of December 4, 2000, defendant and the 16-year-old victim, along with, among others, Holly Slater, were working at a McDonald's restaurant in the Village of Johnson City, Broome County. Around 8:30 P.M., Slater, a shift manager, asked the victim to go to the upstairs storeroom and retrieve cup lids. As the victim started down the stairs, defendant met her and asked her to sit on a box in the storeroom. Defendant then told the victim to perform oral sex on him. The victim testified that she complied with this demand because she was scared. After a few minutes, Slater yelled up to the victim, asking why she was still upstairs. Defendant backed away and the victim ran downstairs, visibly upset.

In response to Slater's questions, the victim told her what happened, but asked her not to confront defendant. The following day, Slater informed the manager about the alleged sexual assault. After a meeting between the manager and the victim, the victim contacted the police and an investigation ensued. Thereafter, a grand jury indicted defendant for the crime of sodomy in the third degree in violation of Penal Law § 130.40 (2). Following trial, a jury convicted defendant as charged and he was subsequently sentenced to a prison term of 1⅓ to 4 years. Defendant now appeals and we affirm.

Defendant challenges County Court's *Sandoval* ruling permitting the People, on cross-examination, to question defendant about his prior conviction for criminal trespass in the third degree, a misdemeanor. Defendant argues that the introduction of the conviction, which arose out of an altercation with his ex-girlfriend at her place of business, was prejudicial because it demonstrated a pattern of victimizing women. Although County Court permitted a limited inquiry into the underlying facts of the prior conviction—that defendant did not leave a place of business after being asked to do so—the court instructed the People not to mention that defendant threatened his ex-girlfriend with violence. We perceive no abuse of discretion in the balance struck by County Court. Any

potential prejudice to defendant was outweighed by the probative worth of the prior conviction, which showed defendant's " 'determination deliberately to further self-interest at the expense of society or in derogation of the interests of others [and went] to the heart of honesty and integrity' " (*People v Hayes*, 97 NY2d 203, 207 [2002], quoting *People v Sandoval*, 34 NY2d 371, 377 [1974]; *see People v Layman*, 284 AD2d 558, 558-560 [2001], *lv denied* 96 NY2d 903 [2001]; *People v Reynolds*, 283 AD2d 771, 774 [2001], *lvs denied* 96 NY2d 866, 923 [2001]). Moreover, defendant's ex-girlfriend was not mentioned during the cross-examination; accordingly, there was no suggestion by the People of a pattern of victimizing women, as defendant asserts.

Defendant further argues that he was denied the effective assistance of counsel because his trial counsel did not object to County Court's jury charge on reasonable doubt. Although defendant's objection to the charge is unpreserved (*see People v Williams*, 252 AD2d 823, 823 [1998], *lv denied* 92 NY2d 1040 [1998]), if we were to review it, we would conclude that the charge, taken from the New York Criminal Jury Instructions' definition of reasonable doubt (*see* CJ12d[NY] Reasonable Doubt), was proper and sufficiently conveyed that concept (*see People v Setless*, 289 AD2d 708, 709 [2001], *lv denied* 98 NY2d 640 [2002]; *see also People v Jones*, 283 AD2d 665, 669 [2001], *lv denied* 96 NY2d 903 [2001]). Therefore, counsel cannot be faulted for failing to object to this charge. Further, considering the circumstances of this case in their totality, we conclude that counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 146-147 [1981]).

Finally, we reject defendant's argument that his sentence was harsh and excessive. "[I]t is well settled that a sentence within the statutory parameters will not be disturbed absent extraordinary circumstances warranting modification" (*People v Jones*, 286 AD2d 785, 786 [2001]). Given defendant's prior criminal history and the nature of the crime, we perceive no abuse of discretion by County Court here (*see id.*; *People v McKoy*, 303 AD2d 842, 843 [2003]).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.