THIRD DEPARTMENT, MARCH, 2004

(March 4, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIELLE PERKINS, Appellant. [772 NYS2d 750]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 15, 1998, upon a verdict convicting defendant of the crimes of assault in the first degree (five counts) and assault in the second degree.

Within a short time span, commencing at approximately 6:00 A.M. on April 18, 1998, three persons were assaulted in the area of the intersection of Central Avenue and Lexington Avenue in the City of Albany. The first victim identified defendant as the person who asked him for a "light" and then slashed his face and neck with a razor. The second victim, who was slashed in the back, gave a description of his assailant which was similar to the description given by the first victim, but the second victim was unable to identify defendant as the assailant. The third victim testified that he spoke briefly with defendant and, shortly thereafter, was attacked from behind by someone who slashed his face and fractured his skull with a blunt object. Defendant, when questioned by the police, claimed to have been home at the time of the attacks. He was subsequently indicted and tried for the crimes of assault in the first degree (seven counts), assault in the second degree, and attempted murder in the second degree. One count of assault in the first degree (as to the second victim) was dismissed after the close of proof. The jury found defendant guilty of five counts of assault in the first degree and one count of assault in the second degree, but not guilty of one count of assault in the first degree (concerning the first victim). Prior to the imposition of sentence, defendant moved, pursuant to CPL 330.30, to set aside various assault convictions based upon the lack of evidence identifying him as the perpetrator, as well as the lack of any other evidence connecting him to the commission of these crimes and to set aside all verdicts based upon the People's intentional violation of a *Sandoval* ruling, which he claims effectively deprived him of a fair trial. County Court denied defendant's motion and imposed an aggregate sentence of 28 to 56 years in prison. Defendant appeals.

The first of defendant's three arguments is that he was deprived of due process and a fair trial by the People having twice violated County Court's *Sandoval/Ventimiglia* rulings. In these rulings, County Court specifically precluded the People from inquiring concerning defendant having been absent without excuse from an alternative school, Berkshire Farms

Center and Services for Youth, and from inquiring concerning defendant having, on a previous occasion, thrown a rock, brick or chunk of blacktop. On cross-examination of defendant's mother, an alibi witness, after the People had demonstrated at a bench conference their good-faith basis for believing that defendant's mother would protect him whenever he was in trouble, County Court allowed limited inquiry into the mother's actions when her son refused to return to the school following a weekend pass. The scope of cross-examination of witnesses concerning collateral matters designed to attack credibility is within the discretion of the trial court and such determinations will not be disturbed absent clear abuse (*see People v Schwartzman*, 24 NY2d 241, 244 [1969], *cert denied* 396 US 846 [1969]). The introduction of this evidence was limited to the issue of the witness's credibility. Moreover, defendant's conduct in being away from the school without excuse was of little consequence and not so prejudicial as to deprive him of due process or a fair trial.

With respect to the additional claimed violation of the *Sandoval/Ventimiglia* ruling, involving the People's question of defendant's mother concerning his having thrown a chunk of blacktop, County Court immediately intervened and defense counsel objected, following which the court sustained the objection and gave specific limiting instructions to ameliorate any potential prejudice to defendant. Under these circumstances, we find no merit to defendant's assertion that this alleged violation deprived him of due process or his right to a fair trial (*see People v Greene*, 306 AD2d 639, 642-643 [2003], *lv denied* 100 NY2d 594 [2003]; *People v Williams*, 306 AD2d 691, 693 [2003], *lv denied* 1 NY3d 582 [2003]).

Defendant next argues that there was insufficient evidence to establish the crime of assault in the first degree, or any lesser charge, beyond a reasonable doubt. This argument is premised on the first victim, who had, during the night previous to the attack, ingested alcohol and cocaine, being the only victim to identify defendant as the assailant. Under these circumstances, defendant contends that County Court's denial of his motion pursuant to CPL 330.30 was an abuse of discretion.

First, as to the ability of the first victim to identify defendant, the jury could credit the testimony of the police officer, who questioned this victim, describing him as "very coherent" and "able to give [him] a detailed description of the person who had assaulted him," and the doctor who treated this victim, who described him as "awake and alert [and] anxious about his wounds and appearance." Next, viewing the evidence in the

light most favorable to the People (*see People v Lee*, 303 AD2d 839, 840 [2003], *lv denied* 100 NY2d 622 [2003]; *People v Sullivan*, 300 AD2d 689, 690-691 [2002], *lv denied* 100 NY2d 587 [2003]), we conclude that the evidence presented is legally sufficient to support the jury's determination that the People established beyond a reasonable doubt each element of the crimes upon which defendant was convicted. Clearly, the evidence that defendant employed a razor to inflict the various wounds upon the victims supports the conclusion that defendant formed the requisite intent to commit each of the crimes of which he was convicted (*see* Penal Law § 120.10 [1], [2]; *People v Wade*, 187 AD2d 687 [1992], *lv denied* 81 NY2d 894 [1993]). Likewise, the evidence supports a reasonable inference that defendant used a brick to inflict a depressed skull fracture on one victim. This injury, caused in this manner, is evidence of a depraved indifference to human life constituting reckless conduct which is imminently dangerous and creates a grave risk of death (*see People v Parrotte*, 267 AD2d 884, 886 [1999], *lv denied* 95 NY2d 801 [2000]). Although two of the victims were unable to identify defendant as the attacker, in light of their other testimony and given that the attacks occurred in the same general area and time frame and involved the same general modus operandi of slashing with a razor, the jury could reasonably conclude that defendant was the attacker of all three victims.

As a final matter, defendant posits that the sentence imposed was harsh and excessive. The imposition of sentence rests with the sound discretion of the trial court and a sentence which falls within the statutory parameters will not be disturbed, absent evidence of a clear abuse of discretion or some extraordinary circumstances (*see People v Johnson*, 307 AD2d 384, 385 [2003], *lv denied* 1 NY3d 574 [2003]; *People v Howard*, 299 AD2d 647, 648-649 [2002], *lv denied* 99 NY2d 629 [2003]). Given that the sentence imposed was within the statutory guidelines and that defendant has an extensive criminal involvement despite being only 18 years of age at the time of sentencing, we find no abuse of discretion nor any extraordinary circumstances which would warrant modification of the sentence (*see People v Torra*, 309 AD2d 1074, 1076 [2003], *lv denied* 1 NY3d 581 [2003]).

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.