■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN FOGARTY, Appellant. [784 NYS2d 677]—

Kane, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 29, 1996, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree and burglary in the first degree.

A grand jury indicted defendant on charges of robbery, burglary and felony murder arising from allegations that he unlawfully entered his landlord's apartment, stole money and jewelry and then fatally stabbed the 78-year-old landlord. Based on defense suppression motions, County Court conducted hearings concerning the suppression of defendant's incriminating oral and written statements, a photo identification of defendant and his prior convictions and bad acts. The court denied suppression of the statements and photo identification, but fashioned a compromise regarding evidence of defendant's prior convictions and uncharged crimes. Following a trial, the jury convicted defendant on all counts. After denying defendant's oral motion to set aside the verdict, the court sentenced defendant to concurrent prison terms of 25 years to life on each count of murder in the second degree, $8^{1}/_{3}$ to 25 years for robbery in the first degree and $8^{1}/_{3}$ to 25 years for burglary in the first degree. We affirm.

County Court properly denied suppression of defendant's statements and the photo identification. At the pretrial hearings, the People established the following: defendant's first

statement was given before he was considered a suspect; he was informed of his *Miranda* rights before any further statements were taken; he was *Mirandized* at least three times; he voluntarily waived his rights prior to speaking with police; and questioning ceased when he requested to speak to an attorney. Regarding the photo array, while at the time of the hearing defendant's photograph was more faded than the others, the witness testified, and the court specifically found, that the picture had faded in the time between the photo identification and the hearing and that all the pictures in the array were similar at the time of the identification. The evidence at the hearing provided no basis for suppression.

County Court's *Sandoval* and *Ventimiglia* rulings were appropriate. Such determinations rest within the trial court's discretion, exercised in light of the facts and circumstances of the case (*see People v Hayes*, 97 NY2d 203, 207 [2002]). The court here prevented the People from inquiring into defendant's disorderly conduct violations and limited the questioning regarding his petit larceny conviction to whether defendant had been convicted of a class A misdemeanor on a particular date. This *Sandoval* compromise properly balanced the probative value of his prior convictions against any potential undue prejudice (*see People v Johnson*, 307 AD2d 384, 384-385 [2003], *lv denied* 1 NY3d 574 [2003]; *People v Jackson*, 302 AD2d 748, 750 [2003], *lv denied* 100 NY2d 539 [2003]). Defendant's bad acts and uncharged crimes of purchasing and using crack cocaine numerous times on the day of this incident were admissible as they were related to his motive for committing the crimes to obtain money to purchase more crack, these occurrences were interwoven with the charged crimes and provided continuity to the events surrounding these crimes (*see People v Clarke*, 5 AD3d 807, 809-810 [2004], *lv denied* 2 NY3d 797 [2004]; *People v Tarver*, 2 AD3d 968, 969 [2003]).

Contrary to defendant's contentions, the evidence, viewed in a light most favorable to the prosecution, was legally sufficient since there was a valid line of reasoning and permissible inferences from which the jury could find that defendant committed the charged crimes (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Strawbridge*, 299 AD2d 584, 593 [2002], *lvs denied* 99 NY2d 632 [2003], 100 NY2d 599 [2003]). Defendant's statements to the police established that he and other individuals used a stolen key to unlawfully enter his landlord's apartment with intent to steal money or other property and that, while inside, they beat and stabbed the victim to death and stole money and jewelry. His statements were supported by evi-

dence of the victim's blood on defendant's clothing and testimony regarding his exclusive possession of the victim's jewelry immediately following the crime. As the evidence was certainly sufficient to be submitted to the jury, County Court properly denied defendant's trial motion for dismissal.

County Court adequately addressed allegations of juror misconduct. A newspaper reporter informed the court that he overheard the jurors making comments in the hallway during a recess, which comments may or may not have been related to the trial. The court placed the reporter's statements on the record and then conducted an inquiry of each juror to determine whether he or she had discussed the trial with anyone, overheard any other juror discuss anything related to the trial with anyone or formed an opinion on defendant's case, to which each responded negatively. The court properly exercised its discretion by conducting this individualized inquiry, which adequately addressed the situation (*see People v Dawson*, 302 AD2d 744, 745 [2003], *lv denied* 100 NY2d 561 [2003]). Based on the proper handling of these allegations, the court correctly denied defendant's motion for a mistrial and his CPL 330.30 motion to set aside the verdict. Additionally, defendant's contention that counsel was ineffective for failing to preserve this issue for appeal is without merit as the motions did preserve the issue.

County Court's jury charge, which virtually repeated the reasonable doubt charge from the New York Criminal Jury Instructions (*see* CJI 2d [NY] Presumption of Innocence, Burden of Proof, Proof Beyond a Reasonable Doubt), properly conveyed that concept to the jury (*see People v Johnson, supra* at 385; *People v Setless*, 289 AD2d 708, 709 [2001], *lv denied* 98 NY2d 640 [2002]). As this charge was entirely proper and adequate, counsel was not ineffective for failing to object to it (*see People v Johnson, supra* at 385).

Lastly, defendant's sentence was not harsh or excessive, considering that this brutal murder occurred during the robbery and burglary of an elderly man who had previously lent defendant money and shown him other acts of kindness, all in defendant's effort to obtain money for crack cocaine.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.