■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD A. LANFAIR, Appellant. [795 NYS2d 390]—

Mugglin, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered February 27, 2004, convicting defendant following a nonjury trial of four counts of the crime of sodomy in the third degree.

Following a nonjury trial, defendant was convicted of four counts of sodomy in the third degree arising from incidents with an underage boy between September 2002 and December 2002. Defendant was sentenced to consecutive prison terms of 1¹/₃ to 4 years on each count. Defendant appeals, contending

that the verdict was against the weight of the evidence, that the thirteenth count of the indictment was jurisdictionally defective and that County Court both erred and abused its discretion in sentencing.

First, we address defendant's contention that the convictions were against the weight of the evidence because of inconsistencies between the victim's grand jury and trial testimony. Upon weighing the relative probative force of the conflicting testimony and any conflicting inferences which may be drawn therefrom (*see People v Bleakley,* 69 NY2d 490, 495 [1987], *lv denied* 72 NY2d 856 [1988]; *People v Williams,* 301 AD2d 794, 796 [2003]) and by conducting our independent, de novo review of the record—giving deference to the resolution of issues of credibility and the weight given to the evidence by the trier of fact (*see People v Alford,* 287 AD2d 884, 887 [2001])—we find that the trier of fact did not fail to give the evidence the weight it should be accorded (*see People v Hodge,* 290 AD2d 582, 584 [2002], *lv denied* 97 NY2d 755 [2002]). The victim's testimony was not so inconsistent or incredible that it failed to support the verdict (*see id.* at 583). Rather, the alleged inconsistencies were the result of the age of the victim, the embarrassing nature of the incidents and the relationship between defendant and the victim, all of which serve to explain the victim's reluctance to forthrightly reveal the facts, without prompting, to the grand jury.

Next, we find that the thirteenth count of the indictment is not jurisdictionally defective because it charged criminal conduct spanning four months, rather than a specific date. As long as the time frame alleged is not so large that it deprives the defendant of the ability to prepare and present a defense (*see People v Iannone,* 45 NY2d 589, 600 [1978]; *see also* CPL 200.50 [6]), the indictment will survive a jurisdictional challenge (*see People v Sanchez,* 84 NY2d 440 [1994]; *People v Beauchamp,* 74 NY2d 639 [1989]). Here, given the nature of the offense charged, the age of the victim, the repetitiveness of the conduct, the fact that time is not a material element of the crime (*see People v Keefer,* 262 AD2d 791 [1999], *lv denied* 94 NY2d 824 [1999]), and that defendant does not claim resultant inability to prepare a defense, we conclude that the challenged count of the indictment was not jurisdictionally defective (*see People v Hansen,* 95 NY2d 227, 231 [2000]).

Turning to the issue of error raised by defendant regarding sentencing, it is well settled that consecutive sentences may be imposed where acts of deviate sexual intercourse occur within a continuous sexual incident since the material elements are

distinct and require different sexual acts (*see People v Laureano,* 87 NY2d 640, 643 [1996]; *People v MacGilfrey,* 288 AD2d 554, 556 [2001], *lv denied* 97 NY2d 757 [2002]; *People v May,* 263 AD2d 215, 221 [2000], *lv denied* 94 NY2d 950 [2000]). The acts of oral and anal sex, although part of one encounter, comprise separate, distinct and independently punishable offenses and need not be separated by any specific period of time or action to justify the imposition of consecutive sentences as suggested by defendant (*see People v Otero,* 268 AD2d 615, 616 [2000]; *People v White,* 261 AD2d 653, 657 [1999], *lv denied* 93 NY2d 1029 [1999]; *People v Radage,* 256 AD2d 742, 743 [1998], *lv denied* 93 NY2d 977 [1999]).

Lastly, we find no abuse of discretion in the imposition of the maximum sentence on each count despite the fact that defendant had no criminal record. A sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances (*see People v Perkins,* 5 AD3d 801, 804 [2004]; *People v Johnson,* 307 AD2d 384, 385 [2003], *lv denied* 1 NY3d 574 [2003]). In fashioning an appropriate sentence, the trial court is required to weigh and consider societal protection, rehabilitation and deterrence, as well as the circumstances that gave rise to the conviction (*see People v Whiting,* 89 AD2d 694, 694 [1982]; *People v Harris,* 57 AD2d 663, 663 [1977]). Although County Court considered input from various members of the community in determining the sentences, there is no evidence to suggest this formed the only basis for imposition of a maximum term of imprisonment. Among other factors, County Court considered the impact the abuse had on the victim, the presentence and psychological reports indicating that defendant had also been sexually abused and his previous abuse of others. On this record, we find neither an abuse of discretion in imposing the sentences nor extraordinary circumstances requiring modification thereof.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.