■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. PERKINS, Appellant. [810 NYS2d 596]—

Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 30, 2003, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the third degree (three counts), sodomy in the third degree, sexual abuse in the first degree, sexual misconduct (two counts), unlawfully dealing with a child in the first degree (six counts) and endangering the welfare of a child (three counts).

A jury convicted defendant of numerous crimes arising out of his conduct in providing alcohol to and engaging in sex acts with his daughter's teenage friends. County Court imposed the maximum sentence, an aggregate term of 36 years in prison, and defendant now appeals.

Defendant asserts that there was legally insufficient evidence to convict him of sexual abuse in the first degree (count 13) and

rape in the first degree (count 17) because the People failed to establish that the victim was physically helpless, an element of those crimes (*see* Penal Law § 130.35 [2]; § 130.65 [2]). Physical helplessness "means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]). The victim's testimony that she blacked out and "was so drunk [she] didn't know what was going on," is sufficient to establish the element of physical helplessness. As we have explained, "[i]t is well settled that the definition of physically helpless is broad enough to cover a sleeping victim, particularly where, as here, there is strong evidence that the victim's sleep was . . . alcohol induced" (*People v Sensourichanh*, 290 AD2d 886, 886 [2002] [citations omitted]; *see People v Teicher*, 52 NY2d 638, 646 [1981]; *People v Greene*, 13 AD3d 991, 992 [2004], *lv denied* 5 NY3d 789 [2005]).

Moreover, with respect to all of the convictions, after " 'weigh-[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), we cannot say that the verdict was against the weight of the evidence. Each victim testified consistently and with particularity about the sexual acts committed against her by defendant and to being provided with alcohol at defendant's house. Contrary to defendant's testimony, the record clearly reveals that the victims were under the age of 17 at the time of the crimes. Although some of the victims could not recall the precise dates or times of the incidents, "[a]ny inconsistencies regarding dates and times did not render all of their testimony incredible as a matter of law, and we find no basis upon which to disturb [the jury's] resolution of these credibility issues" (*People v Campbell*, 17 AD3d 925, 926 [2005], *lv denied* 5 NY3d 760 [2005]).

We further reject defendant's argument that County Court improperly concluded that the prompt outcry exception permitted admission of the testimony of Nicole Garrison, a friend of one of the victims. Garrison testified that the victim complained that defendant had sexually assaulted her the day after the incident occurred and at the victim's first opportunity. While such out-of-court statements are generally inadmissible to bolster a witness's testimony, "evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place" (*People v McDaniel*, 81 NY2d 10, 16 [1993]; *see People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]). Inasmuch as the

victim's disclosure was made at the first suitable opportunity and less than 24 hours after the incident occurred, we agree with County Court that it was promptly made and the testimony at issue was properly admitted (*see People v Shelton*, 307 AD2d 370, 371 [2003], *affd* 1 NY3d 614 [2004]; *see also Matter of Gregory AA.*, 20 AD3d 726, 727-728 [2005]; *cf. People v Allen,* supra at 895-896 [2004]).

Defendant also asserts that his statement to police, in which he admitted to providing alcohol to his daughter's friends but denied having any sexual contact with the girls, was involuntarily made and should have been suppressed. After defendant voluntarily went to the police station for questioning, he was advised of his *Miranda* rights, offered food and drink, and did not request a lawyer or state that he wished to remain silent. He then discussed, without incident of any kind, various allegations of underage drinking in his home and signed the statement. According County Court's credibility assessments deference in light of the court's " 'peculiar advantages of having seen and heard the witnesses,' " we decline to disturb the court's determination that defendant's statements were voluntarily made (*People v Middleton*, 283 AD2d 663, 664 [2001], *lv denied* 96 NY2d 922 [2001], quoting *People v Prochilo*, 41 NY2d 759, 761 [1977]; *see People v Jordan*, 193 AD2d 890, 892 [1993], *lv denied* 82 NY2d 756 [1993]).

Also unpersuasive is defendant's assertion that he was denied the effective assistance of counsel as a result of counsel's failure to object to County Court's instruction to the jury addressing reasonable doubt. The court's charge was virtually identical to the reasonable doubt charge in the Criminal Jury Instructions, which is the "preferred phrasing to convey the concept" (*People v Cubino*, 88 NY2d 998, 1000 [1996]; *see* CJI2d[NY] Presumption of Innocence; Burden of Proof; Reasonable Doubt). Inasmuch as this charge was entirely proper and did not diminish or in any way shift the People's burden of proof, counsel properly declined to object to it (*see People v Fogarty*, 12 AD3d 854, 857 [2004], *lv denied* 4 NY3d 763 [2005]; *People v Setless*, 289 AD2d 708, 709 [2001], *lv denied* 98 NY2d 640 [2002]).

Finally, defendant is correct that County Court erred in imposing consecutive terms upon certain of his convictions. Penal Law § 70.25 (2) provides that concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other." With respect to the first victim, defendant was convicted of two counts of sexual misconduct, sodomy in

the third degree and rape in the third degree based upon an act of oral sex and sexual intercourse, as well as unlawfully dealing with a child in the first degree (for providing alcohol to the victim) and endangering the welfare of a child (for providing alcohol and subjecting the victim to oral sex and sexual intercourse). These convictions were based on only one act of deviate sexual intercourse, one act of sexual intercourse and one instance of providing alcohol. Thus, the sentences for one count of sexual misconduct and sodomy in the third degree (counts one and two) should run concurrently, as should the sentences for the second count of sexual misconduct and rape in the third degree (counts three and four). The sentence imposed upon defendant's conviction of endangering the welfare of a child (count six) should also run concurrently to his other convictions involving sexual activity and providing alcohol to this victim (counts one through five) (*see People v Morin*, 192 AD2d 791, 793 [1993], *lv denied* 81 NY2d 1077 [1993]). The remaining convictions "comprise separate, distinct and independently punishable offenses" and, thus, consecutive sentences were warranted (*People v Lanfair*, 18 AD3d 1032, 1033-1034 [2005], *lv denied* 5 NY3d 790 [2005]; *see People v White*, 261 AD2d 653, 657-658 [1999], *lv denied* 93 NY2d 1029 [1999]). Moreover, on this record, we find no abuse of discretion in County Court's determination to otherwise impose the maximum sentence on each count (*see People v Lanfair, supra* at 1034).

Defendant's arguments regarding the legal sufficiency of the evidence supporting the indictment, composition of the jury and legal sufficiency of the evidence supporting his convictions of counts one through six are unpreserved or otherwise not properly before this Court. His remaining contentions have been considered and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as sentenced defendant to consecutive sentences on counts one and two, counts three and four, count six and counts one through five; the sentences imposed for these convictions are to run concurrently with each other, thereby reducing defendant's aggregate prison sentence by three years; and, as so modified, affirmed.