■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY L. FAIRLEY, Appellant. [881 NYS2d 199]—

Peters, J.P. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered February 4, 2008, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

In June 2007, the victim went to defendant's apartment to purchase drugs. An altercation ensued, during which defendant

shot and killed the victim. Defendant was thereafter charged with murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Following a jury trial, at which he testified that he had acted in self-defense, defendant was acquitted of murder in the second degree and criminal possession of a weapon in the second degree, but convicted of criminal possession of a weapon in the fourth degree, as a lesser included offense of the criminal possession of a weapon in the second degree count, as well as the remaining counts of the indictment. He was thereafter sentenced as a second felony offender to an aggregate prison term of 12 years, to be followed by three years of postrelease supervision. Defendant now appeals.

We reject defendant's contention that the prosecutor made an improper "safe streets" comment during opening statements which warrants reversal. This isolated remark, when viewed in the context of the prosecutor's entire opening statement, did not exceed the bounds of permissible commentary (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Silvestri*, 34 AD3d 986, 987 [2006]). While defendant now argues that this same comment also constituted an improper expression of the prosecutor's "personal belief or opinion as to the truth or falsity of [the] testimony or evidence" (*People v Bailey*, 58 NY2d 272, 277 [1983] [internal quotation marks and citation omitted]), he did not object on that ground and, thus, the claim is unpreserved (*see* CPL 470.05 [2]; *People v Grady*, 40 AD3d 1368, 1375 [2007], *lv denied* 9 NY3d 923 [2007]).

Nor do we find error in County Court's refusal to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of the criminal possession of a controlled substance in the third degree count. "A defendant is entitled to a lesser included offense charge upon showing, first, that it is impossible to commit the greater crime without committing the lesser and, second, that a reasonable view of the evidence supports a finding that defendant committed the lesser but not the greater offense" (*People v Morales*, 36 AD3d 957, 958 [2007], *lv denied* 8 NY3d 988 [2007] [citations omitted]; *see People v Barringer*, 54 AD3d 442, 444 [2008], *lv denied* 11 NY3d 830 [2008]). Here, there is no dispute that the first prong of the test was satisfied (*see* Penal Law § 220.16 [1]; § 220.03; *see also People v Olivera*, 45 AD3d 154, 156 [2007]). As to the second prong, the only difference between the two crimes is that criminal possession of a controlled substance in the third degree

requires the additional element that the controlled substance be possessed with the intent to sell (*see* Penal Law § 220.16 [1]). Given defendant's explicit testimony that he intended to sell the drugs at issue, County Court properly concluded that there is no reasonable view of the evidence that would support a finding that defendant possessed them solely for his personal use (*see People v Barringer*, 54 AD3d at 444; *People v Kirton*, 36 AD3d 1011, 1014 [2007], *lv denied* 8 NY3d 947 [2007]).

Defendant's assertion that he was denied the effective assistance of counsel as a result of counsel's failure to object to County Court's reasonable doubt instruction is similarly without merit. The charge, which was identical to the reasonable doubt charge contained in the New York Criminal Jury Instructions (*see* CJI2d[NY] Presumption of Innocence, Burden of Proof, Proof Beyond a Reasonable Doubt), properly conveyed that concept to the jury (*see People v Wright*, 22 AD3d 873, 876 [2005], *lv denied* 6 NY3d 761 [2005]; *People v Johnson*, 307 AD2d 384, 385 [2003], *lv denied* 1 NY3d 574 [2003]; *People v Setless*, 289 AD2d 708, 709 [2001], *lv denied* 98 NY2d 640 [2002]). Thus, counsel was not ineffective for failing to object (*see People v Perkins*, 27 AD3d 890, 893 [2006], *lvs denied* 6 NY3d 897 [2006], 7 NY3d 761 [2006]; *People v Fogarty*, 12 AD3d 854, 857 [2004], *lv denied* 4 NY3d 763 [2005]). Viewing the circumstances of this case in their totality, we conclude that counsel, who secured an acquittal on the two most serious charges and actively participated in all aspects of the criminal proceeding, rendered meaningful representation (*see People v Hall*, 57 AD3d 1222, 1227 [2008]; *People v Lewis*, 46 AD3d 943, 947 [2007]; *People v Banks*, 14 AD3d 726, 728 [2005], *lv denied* 4 NY3d 851 [2005]).

Finally, defendant's sentence was not harsh and excessive. "A sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances" (*People v Lanfair*, 18 AD3d 1032, 1034 [2005], *lv denied* 5 NY3d 790 [2005] [citations omitted]; *see People v Studstill*, 27 AD3d 833, 833 [2006], *lv denied* 6 NY3d 898 [2006]). Here, although defendant was given the maximum sentence upon his conviction of criminal possession of a weapon in the third degree, County Court set forth numerous pertinent factors to support the sentence imposed, including the nature of the offenses committed and defendant's prior criminal history, which included a number of drug convictions and a felony assault conviction. As County Court considered appropriate factors and there is no evidence to support defendant's contention that he was penalized

for exercising his right to trial (*see People v Minor*, 45 AD3d 885, 886 [2007], *lv denied* 10 NY3d 768 [2008]), we find no basis to disturb the sentence.

Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.