■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant. [895 NYS2d 237]—

McCarthy, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered October 15, 2008, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, grand larceny in the fourth degree and petit larceny.

Defendant entered a residence, from which he stole a credit card and coins. He was indicted on one count each of burglary in the second degree, grand larceny in the fourth degree and petit larceny. County Court (Berke, J.H.O.), after holding a combined *Huntley/Wade* hearing, determined that defendant's statement to police and the photo array identification of defendant by two residents of the house were obtained in accordance with defendant's constitutional rights. Defendant pleaded guilty to the indictment. County Court (Hoye, J.) sentenced defendant to concurrent terms, the longest of which was eight years in prison with five years of postrelease supervision. Defendant appeals. We affirm.

County Court (Berke, J.H.O.) correctly denied defendant's motion to suppress the pretrial identification. The photo arrays and unrebutted hearing testimony established that the identification procedures employed were reasonable and not suggestive (*see People v Asai*, 66 AD3d 1138, 1140-1141 [2009]; *People v Chatham*, 55 AD3d 1045, 1045-1046 [2008]). Defendant contends that the identifications were improper because the residents did not witness the crime and could only identify the perpetrator based on their review of a videotape which recorded the burglary. Yet the court's decision only held that the identification procedure was appropriate and did not violate defendant's constitutional rights. The court did not rule the identifications admissible at trial; defense counsel still could have objected at trial that the identifications were inadmissible on other grounds. The court also correctly denied defendant's motion to suppress his written statement. The statement was obtained after defendant waived his *Miranda* rights and agreed to voluntarily speak with police, without any threats or promises made (*see People v Davis*, 18 AD3d 1016, 1017 [2005], *lv denied* 5 NY3d 805 [2005]).

Defendant received the effective assistance of counsel. The only alleged error raised by defendant is counsel's failure to object to the admission of the photo arrays and defendant's statement to police. However, these items were admitted at the suppression hearing, not at trial. The photo arrays and statement were necessarily admissible at such a hearing, as County Court (Berke, J.H.O.) needed to review them to determine defendant's suppression motions. Hence, defendant has not pointed to any actual error committed by his counsel (*see People v Fairley*, 63 AD3d 1288, 1290 [2009], *lv denied* 13 NY3d 743 [2009]).

As defendant has not moved to withdraw his plea or vacate his judgment of conviction, we will not review his unpreserved

challenge to the voluntariness of his plea (*see People v Brady*, 59 AD3d 748, 748 [2009]; *People v Robles*, 53 AD3d 686, 687 [2008], *lv denied* 11 NY3d 794 [2008]). County Court (Hoye, J.) imposed a sentence that was far less than the statutory maximum and in the middle of the capped range set forth at the time of the plea. Considering the circumstances and defendant's criminal history, which included five prior felony convictions, we will not disturb the sentence imposed (*see People v Fairley*, 63 AD3d at 1290; *People v Figueroa*, 53 AD3d 779, 781 [2008], *lv denied* 11 NY3d 832 [2008]).

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.